IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THOMAS VANN**

VS.                              CIVIL CAUSE NO. 3:21-cv-305-DPJ-FKB

**THE CITY OF MERIDIAN MISSISSIPPI,**                              **DEFENDANTS**
**THE MERIDIAN POLICE DEPARTMENT,**
**CHIEF OF POLICE CHRIS REID, and**
**Defendant John Doe 1-5**

_____

**COMPLAINT**
**(Jury Demanded)**
_____

**COMES NOW,** Plaintiff Thomas Vann by and through his attorney of record and files this Complaint against the City of Meridian, the Meridian Police Department, Chief Reid, and John Doe 1-5 for Race Discrimination, Retaliation, Age Discrimination, Violation of the 14th U.S. Constitutional Amendments Due Process, Title 42 of the United States Code, Section 1983 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, Sex discrimination STATE CLAIMS of mental anguish, body injuries, Fraud, Breach of contract, fiduciary duties to employees, misrepresentation, misuse of legal policies, joint tortfeasors were applicable under federal claims and state claims, strict liability, negligent hiring, negligent retention, negligent supervising, intentional infliction of emotional distress, negligent infliction of emotional distress, and brach of contract.

As such, Plaintiffs will show this honorable Court to wit:

## JURISDICTION AND VENUE

This matter is actionable under the United States Constitution 14th Amendments, Title 42 of the United States Code, Section 1983 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, U.S. Constitutional claims of sex discrimination, age discrimination and race discrimination. Plaintiff's state claims are actionable in this same honorable Court pursuant to 28 U.S.C.§ 1367. Venue is proper because the Defendants are located in the jurisdiction of the Southern District of Mississippi Northern Division in the City of Meridian Mississippi.

## EXHAUSTION OF EEOC REMEDIES

Plaintiff attaches his proper filing of a right to sue letter with the EEOC hereto as **exhibit A.**

## EXHAUSTION OF THE REQUIRED MISS. CODE ANN.11-46-11(1)

Plaintiffs filed the required notice of intent to sue pursuant to Miss. Code Ann. 11-46-(1) and a direct signature from the City of Meridian Clerk's office was affixed on January 15, 2021. The intent to sue letter and proof of sending to the appropriate person with Clerk and otherwise office is hereto attached as **exhibit B.**

## PARTIES TO THE COMPLAINT

1. Plaintiff Thomas Vann is a resident of Lauderdale County, Meridian,, Mississippi.

2. Defendant, The City of Meridian Mississippi is a Municipality in Meridian Mississippi and may be served with process pursuant to F.R.Ç.P. 4. A state, a municipal corporation, or any other state created governmental organization that is

subject to suit must be served by:   (A) Delivering a copy of the summons and of the complaint to its chief executive officer or (B) serving a copy of each in the manner prescribed by that stat's law for serving a summons or like process on such a defendant.  As such, the M.R.C.P. allows summon upon a municipal corporation by delivering a copy of the summons and complaint to the mayor or municipal clerk of said municipal corporation.

3. Defendant, The Meridian Police Department may be serve the same or through the chief of police.

4. Defendant Chief Chris Reid is the chief of police for the City of Meridian he may be served pursuantly to the above.

5. Defendants John Doe 1-5 are fictions names that Plaintiff believes upon information might have some liability to this matter and the names are not presently known at the commencement of this complaint.

6. **<u>STATEMENT OF THE FACTS</u>**

7. In or around June 3, 2020 Plaintiff Thomas Vann complained to Chief Chris Reid as well as the then Chief Coleman that he was wrongfully not considered for several sergeant and lieutenant positions within the Meridian Police Department.

8. Plaintiff Vann stated to the chief that he scored the 2nd highest and 3rd highest on the required promotions examination and that he as a  retired U.S. Military veteran for [21] years of whom had never been disciplined or reprimanded for acts not becoming of a Meridian Police Officer was more than qualified for the post of either sergeant or

lieutenant with the Meridian Police Department and that's even more so than most person[s] put in those same positions whom either did knot pass the examination or was wrongfully placed in those positions due to their race.

9. Plaintiff further alleges that since filing the EEOC Complaint, Meridian Police Department, and the Mayor of the City of Meridian retaliated against Plaintiff and moved him from the capacity of Detective over the major crime, domestic violence, fraud, juvenile and violent crimes division to the beat of a street policeman and even placed Plaintiff on the 6:00 p.m. to 6:00 a.m., please see **exhibit C.** Plaintiff believes that such demotion was the result of his filing an intent to sue these bad actors because prior to filing his potential lawsuit there was not even one showing from any of the Defendants that Plaintiff was not doing his Job.

10. As a result, Plaintiff makes and shows the following Race Discrimination claims that are applicable to Plaintiff's complaint.

11. First, the following Police Officers are all Caucasian and promoted above Plaintiff whereby the showing is that Plaintiff is more qualified in experience as an officer, as well as a leader from the U.S. Military. Captain J. Arrington enjoyed the promotion and position as the Captain over the Criminal Investigations unit and that's **EVEN WHILE HE HAD BEEN INDICTED IN A FELONY STEALING OF TIME AND PROPERTY FROM MERIDIAN POLICE DEPARTMENT.**[1]  Please see

---

[1] Upon information and belief Captain Arringston still holds a post of leadership with Defendants even when a true bill of indictment is found.

exhibit D one of the Meridian Police Department assignment Roster dated as October 7, 2020. Even though upon information and belief Captain Arrington was indicted in March of 2020. Moreover, upon that same information and belief Captain Arrington was still holding the title of captain and getting paid as a captain even though he took off from the post for some weeks, and even more egregious is the fact that Captian Arrington even enjoyed the **INTERNAL AFFAIRS** [2]Captain as well. Such behavior was allowed by the Chief of Police and the Police Department as well as the City of Meridian.

12. Next, Pursuant to **exhibit D** at page 2 and under the heading "ICE," REID, whom upon information and brief was also the chief of police at that time so it is not certain whether Reid was collecting a check for chief of police and sergeant simultaneously. Then there is SPO, E. Larkin, SPO, Lee, SPO Paxson, SPO Torrey, and SPO Herdon all whom are Caucasian, not even remotely as qualified as Plaintiff nor experienced in the same, most did not pass nor even take the sergeant and lieutenant examination and certainly did not score as hight as Plaintiff did on the examination fo 4th same and all are believed to be younger than Plaintiff except may one of these person. Wrongfully all were hand picked and the positions were not even posted nor inquired to Plaintiff whom was more qualified with experience and leadership skills than either of these younger non qualified individuals. Additionally, all of the above

---

[2] Internal Affairs of a Police Department is usually consumed with the wrongful conduct of officers whom citizens have complained about. As such, Arrington was allowed to investigate and remain the captain during an investigation against himself and that involved the City of Meridian time/hours and its property.

names were allowed to be in a special group of law enforcement, namely "SOP." and even enjoyed the out of policy benefit to not have to work as detectives in their arrest or other. Plaintiff avers that the acts that these Caucasians enjoyed were privileged among mostly young white males and no black qualified males such as Plaintiff Vann. As such, and along with other facts, Plaintiff's right to be free from Race Discrimination is revealed in this Complaint.

13. Plaintiff avers that Ms. Barbra DuBose, the wife of a former chief of police for the City of Meridian as a Caucasian White Female enjoyed promotion status of which she his clearly not qualified for but Plaintiff is more than qualified. Ms. Barbra DuBose enjoys the title of Criminal investigation where by she is not even certified a police officer yet alone a detective. However, when review **exhibit D** it is clear that Barbra Dubose[3] is titled and being paid as a Sergeant and Criminal Investigator. Plaintiff contends that he has been retaliated with a demotion to a street policeman but the white female Barbra DeBose enjoys the title of Criminal Investigator with no qualifications and she even has stood as the sergeant over Plaintiff in some instances when Plaintiff had to request for time off work. Please see **exhibit E,** a memo to Barbra DuBose for time off of work. A a result, Plaintiff's right to be free from Sex Discrimination is applicable in this complaint.

14. Even more about the qualifications of Plaintiff as a black man being discriminated against for his race, sex and age, is that Plaintiff even contend that he has sent more

---

[3] Upon information and belief is only qualified to process evidence.

cases to the Grand Jury than any other detective which makes him even the more qualified, but wrongfully not even given an interview for any Sergeant or Lieutenant promotion.

15. Furthermore, Defendants even promoted Rochester Anderson, a police officer whom did not pass the Sergeant nor Lieutenant examination but there again was placed in detective positions and Plaintiff the most qualified of them all was demoted back to the street policing and on the worst shift without following the Defendants own policy for seniority.

16. Moreover, Plaintiff contend that exhibit F shows that each detective whom got to remain in their position as detectives were all younger than Plaintiff including but not limited to Seargent Scott, whom failed the examinations and is younger than Plaintiff, Barbra DuBose, Detective Rochester Anderson, Detercitve J. Peters, Detective S. Anderson Detective Fireplace, Detective Moody and Detective Laws are all younger than Plaintiff and not as qualified as Plaintiff but enjoys Sergeants and Detective status.

17. Even more compelling to be violations of Plaintiffs constitutional rights, is the fact that even the chief of Police, Chris Reid is not as qualified as Plaintiff and was placed in said position as chief without any posting of the position or even an email to fill the job opening which is required by the Defendants policy and procedures handbook.

18. To that end Plaintiff avers that Defendants went further in their occupancy of retaliation when on or around April 7, 2021 Meridian Police Detective Thomas Vann, hereto called "Vann," was demoted from being an accomplished Detective over Major Criminal Investigations, Violent Crimes, Domestic Violence as well as Juvenile and Fraud cases attached hereto as exhibit C.

19. Plaintiff further avers that his right to Due Process under the 14th U.S. Constitution was abridged by Defendants when they failed to even interview Plaintiff for any of the positions in higher ranking and where Defendants even failed to post the jobs pursuantly to their own policy and procedures as well when all Defendants subjected Plaintiff to the embarrassment and humiliation by knowing or should have known that Plaintiff was the second and third highest scorer on the examination but was wrongfully passed by through the ill conduct of all Defendants only because Plaintiff is a Black person, a male, and older than less qualified white persons whom hold the job titles that Plaintiff complains and complained about to the EEOC as well as an internal memo to the chief of police.

20. Plaintiff state claims of mental anguish comes from each and every injury stated in Plaintiffs rights asserted, body injuries, Fraud is found at the deception of not following Defendants own policies and procedures, such documents are attached as **exhibit G,** the City of Meridian's Police Department policy and procedures, and **exhibit H** codes and regulations of the City of Meridian. Breach of contract found in exhibit G and the oral agreements made by Defendants when they told Plaintiff that

he could sit and score high enough on the examination that he would have a fair opportunity to be interviewed and considered for the job positions, fiduciary duties to employees is clearly shown when Defendants failed to post and interview all qualified persons and not to discriminate and retaliate against Plaintiff because he is an older black male, misrepresentation is shown through the above statements and paragraphs, misuse of legal policies as shown in exhibit G and the above statements and policies, joint tortfeasors were applicable under federal claims and state claims, strict liability where applicable in state and federal laws, statutes and case law, negligent hiring, negligent retention, negligent supervising, are all applicable to Chief Reid and or any other chief whom has violated Plaintiff as claimed from the period of 2019 until present, intentional infliction of emotional distress, negligent infliction of emotional distress both are found in the injuries sustained by Plaintiff for all the claims asserted above.

## CAUSE OF ACTION

### COUNT ONE:

**Violation of protected federal claims against sex, race, and age discrimination as well as U.S. Constitution 14 amendment, and Title 42 of the United States Code, Section 1983 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964.**

Plaintiffs repeats and re-alleges all paragraph and herein found in this complaint.

Plaintiff's federal claims against sex, race, and age discrimination as well as U.S. Constitution 14 amendment, and Title 42 of the United States Code, Section 1983 42

U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964 were all violated by Defendants and Defendants are liable for the harm caused as asserted hereto.

 individually and conspiracy of misappropriation of City's funds that were earmarked to each Plaintiff and others, misuse of state funds that belong to Plaintiffs, Intimidation, bullying, and strict liability for endangerment of each officer lives by not having enough officers on duty at any time endangering each Plaintiff's life by not giving them a dated bullet proof vest (Defendants have just recently this year provided bullet proof vest for each Plaintiff, but for years Plaintiff's vest were expired exposing them to imminent harm and severe mental distress).

 Plaintiffs contend that the actions of all Defendants were negligent, reckless, willful and showed a reckless disregard for each Plaintiff's safety, life, income, livelihood, mental health, and rights as plead above.

## COUNT TWO: ALL CLAIMS LISTED IN THE ABOVE COUNT ONE AND STATE CLAIMS

(9) Plaintiffs repeat and re-allege all previous paragraphs, as if set forth fully herein, and in the complaint.

 All Defendants are in violation of Plaintiffs STATE CLAIMS OF: mental anguish, body injuries, Fraud, Breach of fiduciary duties to employees, misrepresentation, misuse of legal proceedings, joint tortfeasors, strict liability, negligent hiring, negligent retention, negligent supervising, intentional infliction of emotional distress, negligent infliction of emotional distress, brach of contract,

.

## COUNT THREE:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs repeat and re-allege all paragraphs as if set forth fully herein and in the complaint. Plaintiff avers that Defendants are liable for all of Plaintiff's damages as asserted hereto.

## DAMAGES

54. The actions of all Defendants were reckless and negligent, wanton, negligent per se, showed a reckless disregard for Plaintiff's U.S. Constitutional rights to be free from race, sex, and age discrimination as well as not to be subject to violations of his protected right to due process and each and every state claim found in the preceding paragraphs.

55. As a consequence of the foregoing misconduct of all Defendants, Plaintiffs sustained pain and suffering, physical injury, excessive mental distress, depression, insomnia, shock, fright, embarrassment, loss of earned income, economical loss of peaceable life without suffering, humiliation, embarrassment,Compensatory damages, consequential damages, attorney fees, cost of litigation, cost of experts, economic damages, medical payments, loss of income, actual damages, discretionary damages, excess damages, double damages, expectation damages, foreseeable damages, future damages, punitive and any other damages that are to be determined by a jury, against all Defendants;

As a consequence of the foregoing misconduct of these Defendants, Plaintiff has been damaged in an amount of the limits of this Court's jurisdiction.

## RELIEF

58. **WHEREFORE, each Plaintiff** respectfully pray for the following relief:

1. Enter a Consent Decree relief declaring that the Mayor of the City of Meridian must follow its policy and procedure that are written as in exhibit G and H.

2. Award all Plaintiffs with Punitive damages against all Defendants

and every claim as stated in the above paragraphs

3. Award each Plaintiff with Compensatory damages, consequential damages, attorney fees, cost of litigation, cost of experts, economic damages, medical payments, loss of income, actual damages, discretionary damages, excess damages, double damages, expectation damages, foreseeable damages, future damages, any damages that are to be determined by a jury, against all Defendants;

4. Such injunctive relief as the Court deems necessary and proper against all Defendants;

5. Any other relief to which the Plaintiff as a citizen with protected civil rights as shown above may be entitled to but not listed above.

**RESPECTFULLY SUBMITTED this the 30th Day of April, 2021**

**/s/ Abby Robinson esq. MSB(105157)**
**ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.**
**227 E. Pearl Street**
**Jackson, Mississippi 39201**
**Ph. 601-321-9343**
**Fax. 601-487-6326**
**Email: arobinsonlawfirm@yahoo.com**
**Secondary: abby@askabbylaw.org**

## CERTIFICATE OF SERVICE

I the undersigned, on this date April 30, 2021, do declare that I have filed the foregoing document with the Clerk of the Court of whom shall serve an electronic copy of the same filing with each party to this matter.

**Submitted April 30, 2021**
**/s/ Abby Robinson esq. MSB(105157)**
ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.
227 E. Pearl Street
Jackson, Mississippi 39201
Ph. 601-321-9343
Fax. 601-487-6326
Email: arobinsonlawfirm@yahoo.com
Secondary: abby@askabbylaw.org