# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| **THOMAS VANN**            ) | |
|            ) | |
|         **Plaintiff,**            ) | |
|            ) | |
| **v.**            ) | **CIVIL ACTION NO.** |
|            ) |     **3:21-cv-305-DPJ-FKB** |
| **THE CITY OF MERIDIAN MISSISSIPPI, THE**    ) | |
| **MERIDIAN POLICE DEPARTMENT, CHIEF OF**    ) | |
| **POLICE CHRIS REID, and Defendant John Doe 1-5**    ) | |
|            ) | |
|         **Defendants.**            ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF THEIR MOTION FOR MORE DEFINITE STATEMENT

COMES NOW, Defendants the City of Meridian (the "City"), the Meridian Police Department, and Chief of Police Chris Read, incorrectly spelled as Chris Reid ("Chief Read")(collectively, the "Defendants"), by and through undersigned counsel and in accordance with Federal Rule of Civil Procedure 12(e), and move the Court to enter an order directing the Plaintiff to replead his claims against the Defendants so as to put them on notice of the claims against them. In support of their Motion, the Defendants show the following:

## I. INTRODUCTION

Plaintiff's Amended Complaint takes a shotgun approach, firing off a spray of claims against the various Defendants without regard for explaining the bases for each claim, whether a particular claim is stated against particular defendants, or whether each claim is stated against defendants in their official or individual capacities. Now, the Defendants are left to decipher a convoluted set of facts and allegations and expend resources filing motions such as this one to seek clarification of claims that seem to have no basis in law. The only claim Plaintiff attempts to

expound upon in any real manner is his claim for racial discrimination in violation of his 14th Amendment rights.[1] But the chaotic and seemingly careless manner in which the Amended Complaint is structured makes even that claim difficult to understand and defend against. The remaining claims, all of which appear to be asserted under state law, are devoid of any factual support and are merely lumped together in a single list.

Defendants cannot mount a defense unless the Plaintiff is ordered to provide a more definite statement of his claims. The Defendants urge the Court not to just take their word for it, but to carefully read through the Amended Complaint and come to its own conclusions as to whether the claims are sufficiently plead. The Defendants are confident that such an independent review will satisfy the Court that the intent of their Motion is not for delay or embarrassment, but to provide much needed clarity to the claims asserted against them.

## II. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rule of Civil Procedure requires that a plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). Naked allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court will grant a motion for a more definite statement pursuant to Rule 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably prepare a response." *Claunch v. Bank of America, N.A.*, No. 1:12-cv-00085-HSO-RHW, 2012 WL 12823702, at *2 (S.D. Miss. Oct. 12, 2012) (granting motion for more definite statement where pro se complaint failed to

---

[1] Defendants assert that even that claim is insufficiently stated, and reserve the right to file a motion to dismiss that, and all claims, under Federal Rules 12(b)(6) and/or 12(c).

"describe the circumstances surrounding Plaintiff's alleged injuries or identify the causes of action Plaintiff [was] pursuing in enough detail to allow Defendants to reasonably prepare a response"). "[A] bare bones allegation that a wrong occurred and which does not provide any of the facts that occurred, does not provide adequate notice." *See West v. City of Houston*, No. 3:08-CV-79-D-A, 2008 WL 4457848, at *1 (N.D. Miss. Sept. 30, 2008) (citing *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999)). Additionally, Fed. R. Civ. P. 10(b) requires that a party must state its claims or defenses "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

### III. ARGUMENT

The Court should order Plaintiff, under Federal Rule of Civil Procedure 12(e),[2] to file a Second Amended Complaint that will intelligibly articulate Plaintiff's claims against the Defendants so that they will be on notice of the claims against them, and so that they may frame a response to those claims. Specific instances of the insufficiencies in Plaintiff's Amended Complaint are as follows:[3]

1.      Plaintiff's Amended Complaint makes general allegations of fraud, but does not plead with the particularity required by Rule 9(e). In fact, the only references to fraud in the Amended Complaint are: (a) in Paragraph 20, where Plaintiff states "Fraud is found at the deception of not following Defendants own policies and procedures, such documents are attached

---

[2] Rule 12(e) provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.  If the motion is granted and the order of the court is not obeyed within ten days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

[3] These listed insufficiencies are not intended to be exhaustive, but are intended to point out to the Court various examples of how the Amended Complaint lacks clarity.

as **exhibit G**"; and (b) in Paragraph "(9)" on page 10, where Plaintiff lists Fraud in a litany of other unsupported claims. Plaintiff does not state which policies and procedures were alleged to be violated, and what specific conduct of the Defendants supposedly constituted fraud.

2.      Plaintiff has provided absolutely no support for his claims of age and sex discrimination. The Amended Complaint seems to focus on alleged _racial_ discrimination, spending most of its word count listing Caucasian police officers who received promotions within the Meridian Police Department. The Defendants can decipher no allegations that would support a claim for age or sex discrimination.

3.      Count Two of the Amended Complaint asserts fourteen (14)[4] state law claims by simply listing the following causes of action: "mental anguish, body injuries, Fraud, Breach of contract, fiduciary duties to employees, misrepresentation, misuse of legal policies, joint tortfeasors were applicable under federal claims and state claims, strict liability, negligent hiring, negligent retention, negligent supervising, intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of contract." Plaintiff's only attempt to provide any support for these causes of action is found in two run-on sentences in Paragraph 20, which read as follows:

> Plaintiff state claims of mental anguish comes from each and every injury stated in Plaintiffs rights asserted, body injuries, Fraud is found at the deception of not following Defendants own policies and procedures, such documents are attached as **exhibit G**, the City of Meridian's Police Department policy and procedures, and **exhibit H** codes and regulations of the City of Meridian. Breach of contract found in exhibit G and the oral agreements made by Defendants when they told Plaintiff that he could sit and score high enough on the examination that he would have a fair opportunity to be interviewed and considered for the job positions, fiduciary duties to employees is clearly shown when Defendants failed to post and interview all qualified persons and not to discriminate and retaliate against Plaintiff because he is an older black male, misrepresentation is shown through the above statements and paragraphs, misuse of legal policies as shown in exhibit G and the above

---

[4] Plaintiff actually lists fifteen (15) causes of action, but lists breach of contract twice.

statements and  polices, joint tortfeasors were applicable under federal claims and state claims, strict liability where applicable in state and federal laws, statutes and case law, negligent hiring, negligent retention, negligent supervising, are all applicable to Chief Reid and or any other chief whom has violated Plaintiff as claims from the period of 2019 until present, intentional infliction of emotional distress, negligent infliction of emotional distress both are found in the injuries sustained by Plaintiff for all the claims asserted above.

How can the Defendants be expected to prepare a defense to those allegations? Plaintiff did not even bother to recite the elements of his claims, much less state which facts support those elements. Even putting aside the unintelligible nature of these allegations, many of them seem to have no basis in fact or law whatsoever. For instance, Plaintiff claims "bodily injuries" in what seems to be purely a discrimination suit—that alone exhibits the absurdity of Plaintiff's claims. Moreover, Plaintiff does not even attempt to explain how he would have a claim for negligent hiring, retention, or supervision, or what laws the Defendants would be "strictly liable" under. Neither does he explain what alleged misrepresentation the Defendants made or how the Defendants could be liable for breach of contract in Mississippi, which is an "at-will" employment state.

4.      Count Three of the Amended Complaint purports to state a claim for intentional infliction of emotional distress, which was also listed in Count Two, but as with the other state law claims discussed above, completely fails to even state the elements of and IIED claim, much less explain how the Defendants are liable under such a theory. Instead, Count Three states only that "Plaintiff has suffered severe emotional distress caused by each Defendant in this complaint." The Defendants should not be required to defendant such an unsupported and vague legal claim.

5.      Plaintiff fails to quantify any of his damages and instead merely lists twenty-eight (28) categories of damages that he allegedly suffered "as a consequence of the foregoing misconduct of all Defendants." Without delving into each of these categories, Defendants point

out that Plaintiff seeks damages for "physical injury" and "double damages" without attempting to explain the legal or factual basis for the same.

6.      The amended complaint is rife with run-on sentences, typos, and numbering errors. For instance, Plaintiff did not number the initial paraphrphs; numbered certain paragraphs 1-20 including numbering a heading as paragraph 6; did not number the following paragraph; numbered the next paragraph "(9)"; did not number the following paragraph; numbered the next two paragraphs 54-55; did not number the following paragraph; numbered the next paragraph 58; and numbered the following paragraphs 1-5. At the very least, such inconsistent numbering makes formatting an answer extremely difficult for the Defendants. More importantly, the general disorder of the Complaint's formatting, diction and structure puts the Defendants at risk of failing to comprehend the claims asserted against them and in turn failing to properly state affirmative defenses or otherwise failing to put forth a competent defense. Again, the Defendants urge the Court to carefully read through the Amended Complaint to see that this Motion is not an attempt to stall litigation or embarrass the Plaintiff, but is an earnest plea to have the claims against them stated in an orderly and intelligible fashion.

7.      In large part, the Amended Complaint fails to state which claims are asserted against which Defendants. Likewise, as to Chief Read, the Amended Complaint fails to state whether the claims are asserted against him in his official or individual capacity.

**WHEREFORE**, premises considered, the Defendants request that the Court enter an order, pursuant to Rule 12(e), requiring Plaintiff to amend his Complaint to correct the aforementioned pleading deficiencies.

Respectfully submitted this 1st day of June, 2021.

/s/Joshua W. Stover
Kermit L. Kendrick (MSB No. 100502)

Joshua W. Stover (MSB No. 105472)
*Attorneys for Defendants*

**OF COUNSEL:**
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
kkendrick@burr.com

and

The Pinnacle Building
190 E. Capitol St., Suite M-100
Jackson, Mississippi 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
jstover@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this, the 1st day of June, 2021:

Abby Robinson
Abby Robinson & Associates Law Firm PLLC
227 E. Pearl Street
Jackson, Mississippi 39201
*Attorney for Plaintiff*


*/s/Joshua W. Stover*
Of Counsel