**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | | |
|---|---|---|
| THOMAS VANN | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **3:21-cv-305-DPJ-FKB** |
| **THE CITY OF MERIDIAN MISSISSIPPI, THE** | ) | |
| **MERIDIAN POLICE DEPARTMENT, CHIEF OF** | ) | |
| **POLICE CHRIS REID, and Defendant John Doe 1-5** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW, Defendants the City of Meridian (the "City"), the Meridian Police Department, and Chief of Police Chris Read, incorrectly spelled as Chris Reid ("Chief Read")(collectively, the "Defendants"), by and through undersigned counsel and in accordance with Fed. R. Civ. P. 12(e), and hereby submit their Reply in Support of Motion for More Definite Statement. In support of hereof, Defendants state as follows:

**I.
INTRODUCTION**

Plaintiff mistakes the principals of notice pleading for an authorization to plead claims by simply listing the names of various causes of action, without so much as referencing any facts that support those causes of action. While Plaintiff is not required to comply with any technical form in drafting his complaint, and may assert his claims (except for fraud) through a short and plain statement showing he is entitled to relief, he must provide "more than conclusory statements or threadbare recitals of the elements" of particular causes of action. *Jones v. United States Postal Serv.*, 690 Fed. Appx. 147, 149 (5th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.

Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). Here, a majority of Plaintiff's claims are so vague and ambiguous that the Defendants cannot be reasonably expected to prepare a response. As such, the Court should exercise its discretion under Fed. R. Civ. P. 12(e) and require Plaintiff to amend his Amended Complaint to provide a more definite statement.

Before further addressing Plaintiff's Amended Complaint, the Defendants feel compelled to respond to certain accusations made by Plaintiff in his Response. First, the purpose of Defendants' motion was not to "attack" Plaintiff's counsel or to "stall the litigation" nor was it an act of "anger of being unemployed." Instead, Defendants seek only that the claims against them be pled in such a manner so that Defendants can be on notice of the grounds upon which each claim is asserted. Second, Defendants take serious offense to the not-so-veiled allegations that their motion was founded on racial biases and specifically that the motion "displays the distant changing of some people of the Ole South." *See* Doc. 11, p. 3. Although Defendants questioned whether to dignify such an allegation with a response, suffice it to say that at the time of filing they were not even aware of Plaintiff's counsel's race and certainly did not draft their motion with it in mind. Similarly, Plaintiff suggests that the Defendants "would have been to coward" to file their motion if "the most honorable judges in this matter where of a different race." *Id.* at pp. 2-3. To be clear, while Plaintiff may expect that the race of a particular judge will affect his or her rulings, the Defendants do not share that sentiment.

Third, Plaintiff suggests that because one of Defendants' lawyers signed the motion, this somehow violated the rules of professional conduct and Rule 11 of the Federal Rules of Civil Procedure. Defendants must admit that they are at a loss as to the basis for such an argument, but it may stem from Plaintiff's incorrect belief that Defendants' attorneys are members of separate firms. Regardless, Rule 11(a) requires that motions be signed by "at least one attorney of record,"

which is exactly what occurred. Fourth and finally, Defendants do not request a more definite statement with regard to Plaintiff's Title VII racial discrimination claim, although they do reserve the right to move for a dismissal of such claim under 12(b)(6) and/or 12(c). For the reasons stated herein, Defendants request that the Plaintiff be ordered to amend his Amended Complaint so as to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2), 9(b), and 10(b).

## II.
## ARGUMENT

*1. Federal Discrimination Claims.*

Defendants reiterate that they do not seek a more definite statement as to Plaintiff's racial discrimination claim asserted under Title VII of the Civil Rights Act of 1964. It is clear from the Amended Complaint that Plaintiff believes he was discriminated against on the basis of his race because he was allegedly passed up for certain promotions that were given to white employees. However, as Plaintiff admits in his Response, one such employee, Barbra DeBose, is actually an African American despite the fact that she is referred to as a "Caucasian White Female" in the Amended Complaint. *See* Doc. 3, p. 6 and Doc. 11, p. 6, n. 5. At the very least, the Amended Complaint should be amended to remedy that error.

The Amended Complaint is ambiguous as to the legal basis for Plaintiffs' §1983 claims under the Fourteenth Amendment. Defendants read the Amended Complaint to assert discrimination claims under <u>*only the Due Process Clause*</u> and no other provision of the Fourteenth Amendment. *See* Doc. 3, p. 1 ("Violation of the 14th U.S. Constitutional Amendments Due Process") and p. 3 ("Plaintiff further avers that his right to Due Process under the 14th U.S. Constitution was abridged by the Defendants"). If that is not the case, Plaintiff should be required to amend the Amended Complaint to identify the specific constitutional rights he claims have been violated beyond his Fourteenth Amendment due process rights.

As to Plaintiff's age and sex discrimination claims under Title VII, much of Defendants' confusion stems from Paragraph 10 of the Amended Complaint which states that "Plaintiff makes and shows the following Race Discrimination claims that are applicable to Plaintiff's complaint." After reviewing Plaintiff's Response, Defendants understand his allegations that many of the officers that were promoted were younger than him. As such, Defendants concede that there is no need for a more definite statement as to Plaintiff's Title VII age discrimination claim *against the City*, although they reserve the right to move for a dismissal for failure to state a claim. Similarly, to the extent that Plaintiff's Title VII sex discrimination claim is based solely on the allegation that Barbara DuBose, an African-American female, received a promotion that Plaintiff was passed up for, then there is no need for a more definite statement for that claim, as against the City.[1]

2. *Fraud.*

Plaintiff has no response to the allegation that his fraud claim is insufficiently plead under Rule 9, which requires that "[i]n alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). In the Fifth Circuit, pleading fraud "with particularity" requires that "[a]t a minimum . . . a plaintiff [must] set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Nunnally v. West Calcasieu Cameron Hospital*, 519 Fed. Appx. 890, 892 (5th Cir. 2013) (citing *United States ex. rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Here, the Amended Complaint states only that "Fraud is found at the deception of not following Defendants own policies and procedures, such documents are attached as **exhibit G.**" In his Response, Plaintiff characterizes Defendants' insistence on a more definite statement as a

---

[1] As explained below, such claims against Chief Read should be amended to state whether they are asserted against him in his official or individual capacity.

"strange leap of an insulting attorney whom presumably has all the right answers," asserting that his fraud claim is sufficiently pled under Rule 8. Defendants could have moved to dismiss the fraud claim due to its clear violation of Rule 9, but instead chose to file the instant motion and give Plaintiff a chance to more clearly state his claim.

    3.    *State law claims.*

Plaintiff apparently misunderstands Defendants' request for a more definite statement as to his threadbare list of state law claims—which are the main reason Defendants filed their motion in the first place. According to the Plaintiff, Defendants complain "that Plaintiff claims are mostly state claims, as though all of those aforementioned civil rights and constitutional claims are not respected in the complaint. Such illogic is not worthy of expenses Plaintiff to respond to." To be clear, Defendants argument is that the state law claims are simply not plead with enough clarity to afford the Defendants an opportunity to respond and prepare a defense to them.

When a complaint merely lists various claims without providing any factual support or explaining the bases of the claims, it does not meet the requirement of Rule 8(a) to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Jones v. United States Postal Serv.*, 690 Fed. Appx. 147 (5th Cir. 2017). In *Jones*, the plaintiff's complaint "simply state[d] that she is suing the United States Postal Service (USPS) for compensatory damages 'on the following grounds,' and then list[ed] an assortment of statutes, rules, and Constitutional provisions lacking logical relation." *Id.* at 147-8. The complaint was completely void of factual assertions and provided no information concerning the conduct the plaintiff was seeking relief from or why she was entitled to that relief. *Id.* at 148. In explaining the standard under Rule 8(a), the court held that:

> While this standard does not require "detailed factual allegations," it does demand more than conclusory statements or "threadbare recitals" of the elements of a particular cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937,

1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1966). A complaint that merely tenders "naked assertion[s] devoid of further factual enhancement" is insufficient and fails to properly state a claim for relief. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966) (internal quotation marks omitted).

*Id.* at 149. With those rules in mind, the court held that the plaintiff's complaint did "not even rise to the level of 'threadbare recitals' of the elements of a cause of action." She instead simply listed statutes, rules, and Constitutional provisions as the "basis" for her claim, "but the cited authorities are not topically related and provide no channeling assistance to guide the court to her ultimate allegation(s)." *Id.* Additionally, even if the plaintiff had explicitly provided the legal theory she was pursuing, she had not provided any supporting factual allegations. *Id.*

Here, Plaintiff's state law claims suffer from the same deficiencies as the plaintiff's claims in *Jones*. The Amended Complaint does not even contain "threadbare recitals" of the elements of each state law claim, much less anything resembling the type of factual support that would give the Defendants sufficient notice of the basis for each claim. Accordingly, the Court should order Plaintiff to provide a more definite statement as to his state law claims.

   *4.   Numbering.*

Defendants are cognizant of the fact that drafting an errorless pleading is an exercise in futility. That being said, it is difficult to draft an Answer to a complaint, and admit or deny the allegations in particular paragraphs, when the numbering is as inconsistent as it is in the Amended Complaint. Rule 10(b) requires a plaintiff to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The Amended Complaint clearly violates the spirit of this rule and should be amended.

   *5.   Official/Individual Capacity.*

Plaintiff's Response does not address whether the claims in the Amended Complaint are asserted against Chief Read in his individual or official capacity. This distinction is important to

what defenses Chief Read may have, and should be specified in a Second Amended Complaint.

      6.    *Specification of Actions of Each Defendant.*

Plaintiff should be required to more clearly state what each defendant did to be liable under a particular legal claim. As it stands, the Amended Complaint merely asserts that "all Defendants are liable for the harm caused" and "All Defendants are in violation of the Plaintiffs STATE CLAIMS . . ." *See* Doc. 3, p. 10. For instance, to the extent Plaintiff believes that Chief Read committed some act or omission that is a "misrepresentation" or that would subject him to "strict liability," the complaint should be amended to state such act or omission.

## III.
## CONCLUSION

**WHEREFORE**, premises considered, the Defendants request that the Court enter an order, pursuant to Rule 12(e), requiring Plaintiff to amend his Amended Complaint to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2), 9(b), and 10(b).

Respectfully submitted, this 11th day of June, 2021.

                              */s/Joshua W. Stover*
                              Kermit L. Kendrick (MSB No. 100502)
                              Joshua W. Stover (MSB No. 105472)
                              *Attorneys for Defendants*

**OF COUNSEL:**
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
kkendrick@burr.com

and

The Pinnacle Building
190 E. Capitol St., Suite M-100
Jackson, Mississippi 39201
Telephone: (601) 355-3434

Facsimile: (601) 355-5150
jstover@burr.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been served by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this, the 11th day of June, 2021:

Abby Robinson
Abby Robinson & Associates Law Firm PLLC
227 E. Pearl Street
Jackson, Mississippi 39201
*Attorney for Plaintiff*

*/s/Joshua W. Stover*
Of Counsel