IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS VANN                                                              PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:21-cv-305-DPJ-FKB

THE CITY OF MERIDIAN
MISSISSIPPI, THE MERIDIAN POLICE
DEPARTMENT, Chief of Police CHRIS
REID, and Defendant JOHN DOE 1-5                                  DEFENDANTS

## **ORDER**

       This case is before the Court on Defendants' Motion For a More Definite Statement [9]. For the reasons set forth below, Defendant's motion [9] is granted.

       Defendants' motion [9] contends that Plaintiff's Amended Complaint [3] is insufficient to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2) and 10(b) and that, pursuant to Fed. R. Civ. P. 12(e), the complaint must be amended to provide a more definite statement. More specifically, Defendants allege that Plaintiff's Amended Complaint "takes a shotgun approach, firing off a spray of claims against the various Defendants without regard for explaining the bases for each claim, whether a particular claim is stated against particular defendants, or whether each claim is stated against defendants in their official or individual capacities." [10] at 1. Defendants further contend that the Amended Complaint is rife with formatting and numbering errors, putting "Defendants at risk of failing to comprehend the claims asserted against them." *Id*. at 6. Plaintiff filed a response [11] to Defendants' motion, and Defendants filed a rebuttal [12].

       In pertinent part, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 10(b) provides that a party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Factual allegations must be enough to raise a right to relief above the speculative level, and "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). District courts also have an obligation to order repleading when a "shotgun complaint" fails to adequately link a cause of action with its factual predicates. *See Otis v. Wells Fargo Bank*, No. 1:20-cv-00265-MJT, 2020 WL 8461760 at *1 (E.D. Tex. Dec. 22, 2020), *report and recommendation adopted,* No. 1:20-cv-00265, 2021 WL 425120 (E.D. Tex. Feb. 5, 2021). When the pleading is so vague or ambiguous that the party cannot reasonably prepare a response, a district court will grant a motion for a more definitive statement pursuant to Rule 12(e).

The Court finds that Defendants' motion is well-taken. Defendants are correct that Plaintiff takes a "shotgun approach" in the complaint by asserting claims without explaining the bases for each claim. [10] at 1. Paragraph 20 exemplifies this approach, as Plaintiff names fourteen causes of action[1] without any substantive, factual elaboration. *See* [3] at 8-9. For his claim of "misrepresentation," Plaintiff simply states that it is "shown through the above statements and paragraphs," and for his claim of "misuse of legal policies," he merely claims that it is "shown in exhibit G and the above statements and policies." *Id*. at 9. Likewise, Plaintiff lists "negligent hiring, negligent retention, and negligent supervising" without providing factual details; Plaintiff only elaborates by stating that these claims are "applicable to Chief Reid and or any other chief whom has violated Plaintiff as claims." *Id*. at 9. Plaintiff also does not identify the laws under which Defendants would be "strictly liable," and he purports to have sustained "bodily injuries" despite the purely discriminatory nature of his suit. *Id.*; [10] at 5.

Similarly, Count Three states a claim for intentional infliction of emotional distress, but again Plaintiff fails to mention the factual basis for this claim or any indication that Defendants

---

[1] Plaintiff lists causes of action for: "mental anguish, body injuries, Fraud, Breach of Contract, fiduciary duties to employees, misrepresentation, misuse of legal policies, joint tortfeasors were applicable under federal claims and state claims, strict liability, negligent hiring, negligent retention, negligent supervising, intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of contract." [3] at 10.

intentionally harmed him. [3] at 10. More generally, the complaint largely fails to identify which claims are asserted against which defendants. It is not clear, for instance, which defendants negligently or intentionally inflicted emotional distress. *Id*. at 9. Due to the vagueness of the Plaintiff's allegations, a more definite statement is necessary to comply with Fed. R. Civ. P. 8(a)(2). *See e.g.*, *Santos v. Texas Workforce Comm'n*, No. CIV.A.H-08-1869, 2008 WL 2902078 at *2 (S.D. Tex. July 28, 2008) (granting motion for more definite statement because complaint violated Fed. R. Civ. P. 8(a); complaint made it "difficult for the court to determine what claims [were] asserted and the relationship between those claims.").

Plaintiff further convolutes the Amended Complaint with inconsistent numbering. Rule 10(b) requires that parties state their claims or defenses in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Here, Plaintiff numbered certain paragraphs "1" through "20," left some subsequent paragraphs un-numbered, numbered the following paragraphs "54" and "55," and then numbered the last paragraphs "1" through "5." *See* [3]. Because Plaintiff left multiple paragraphs un-numbered and re-used the numbers 1-5, the structure and inconsistency of the complaint violates Rule 10(b) and prevents the Court and the Defendants from efficiently responding to Plaintiff's claims. These concerns should be addressed in the newly amended complaint.

Plaintiff's Amended Complaint also fails to comply with the heightened pleading directives set forth in Fed. R. Civ. P. (9)(b). Specifically, Rule 9 requires that allegations of fraud be pled with particularity. Although what constitutes "particularity" will necessarily differ with the facts of each case, Rule 9(b) requires at a minimum that the allegations include "the particulars of time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). Further, the Fifth Circuit has established that Rule 9(b) requires

plaintiffs to "specify with particularity what actions [they took] or forewent in reliance upon Defendant's alleged misrepresentations." *In re BP P.L.C. Sec. Litig.*, No. 4:12-cv-1256, 2013 WL 6383968, at *39 (S.D. Tex. Dec. 5, 2013); *see also Sahlein v. Red Oak., Inc.*, No. 3:13-CV-00067-DMB-JM, 2014 WL 3046477 (N.D. Miss. July 3, 2014). Plaintiff's Amended Complaint [3] is insufficient, stating only that "[f]raud is found at the deception of not following Defendants own policies and procedures" and that "misrepresentation is shown through the above statements and paragraphs." [3] at 8-9. Because Plaintiff's Amended Complaint fails to comply with Fed. R. Civ. P. 9(b), Plaintiff must provide a more definite statement.

In their rebuttal [12], Defendants state that they are not seeking a more definite statement on Plaintiff's Title VII racial discrimination claim or Title VII age discrimination claim against Defendant City of Meridian ("City"). [12] at 3-4. Defendants also clarify that they are not seeking a more definite statement on Plaintiff's §1983 claim under the Fourteenth Amendment, *if* that claim is asserted *only* under the Due Process Clause of the Fourteenth Amendment, or on Plaintiff's Title VII sex discrimination claim, *if* that claim is based *only* on the allegation that Barbara DuBose received a promotion for which "Plaintiff was passed up." *Id*. at 4. In the next amended complaint, Plaintiff must identify all of the specific constitutional rights on which his §1983 claim is based and the specific allegations on which his Title VII sex discrimination claim is based.

For the reasons stated above, Defendants' motion [9] is granted. By October 15, 2021, Plaintiff must file a second amended complaint which complies with Fed. R. Civ. P. 8(a)(2), 10(b), and 9(b), and the directives set forth in this Order.

SO ORDERED on the 28th day of September, 2021.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

4