IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| THOMAS VANN | ) | |
|---|---|---|
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 3:21-cv-305-DPJ-FKB |
| THE CITY OF MERIDIAN MISSISSIPPI, THE | ) | |
| MERIDIAN POLICE DEPARTMENT, CHIEF OF | ) | |
| POLICE CHRIS REID, and Defendant John Doe 1-5 | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

COMES NOW, Defendants the City of Meridian (the "City"), the Meridian Police Department, and Chief of Police Chris Read, incorrectly spelled as Chris Reid ("Chief Read")(collectively, the "Defendants"), by and through undersigned counsel and in accordance with Federal Rule of Civil Procedure 12(b)(6), and hereby submit their Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint. In support of hereof, Defendants state as follows:

## I.
## INTRODUCTION

Defendants do not seek dismissal of every claim asserted by Plaintiff. It is clear that Plaintiff believes he was discriminated against in violation of the 14th Amendment Equal Protection Clause and Title VII of the Civil Rights Act of 1964, and Defendants do not assert that Plaintiff has failed to state such claims. That being said, all other claims in Plaintiff's Second Amended Complaint must be dismissed for failure to state a claim. As a general matter, Plaintiffs complaint is too convoluted and prolix to allow Defendants fair notice to respond and prepare defenses to most of the alleged claims. The Defendants are left to make assumptions and mental

leaps regarding the very basics of Plaintiffs claims—which could lead to disaster as Defendants prepare to answer the complaint and proceed through discovery. The purpose of the pleading requirement in Rule 8 to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Johnson v. Precythe*, 141 S. Ct. 1622, 1627 (2021). Plaintiffs Second Amended Complaint simply fails to give sufficient notice with regard to the claims sought to be dismissed.[1]

## II.
## ARGUMENT

A.  **The Prolixity of Plaintiff's Second Amended Complaint, Which is Compounded by the Prolixity of his Briefs, is an Independent Basis for Dismissal.**

In addition to its failures on substance, which have been previously briefed and are briefed further below, the Second Amended Complaint suffers a procedural defect. It is prolix, with the material allegations being buried amongst protracted and irrelevant statements. After being given an opportunity by this Court to provide a clear statement of his claims, Plaintiff's Second Amended Complaint uses unnecessarily confusing language in an effort to conceal his lack of claims. It violates F.R.C.P. 8's directive for "short and plain statements."

The "underlying purpose of Rule 8" is "to [e]liminate prolixity in pleading and to achieve brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979). When a voluminous complaint is "filled with 'prolix, argumentative and conclusionary paragraphs," it is subject to dismissal, as the Fifth Circuit has adopted the "view that flagrant violations of Rule 8 should not be tolerated[.]" *Id.* (further observing that there "are numerous cases in which complaints have been dismissed as being contrary to the letter and spirit of the Rule"). In fact, this Court recently dismissed a compliant that had been amended twice because, in the Court's own

---

[1] As but one example, with regard to Plaintiff's breach of contract claim, Defendants are left to guess whether Plaintiff claims that the contract breached was an employment contract, or whether Plaintiff believes the Civil Service Rules somehow constitute a contract, or whether the claim is based on some other contract entirely.

words, "[u]selessly voluminous, vague, inconsistent, and incoherent pleadings frustrate these purposes. The Court lacks the time or the obligation to sift through 400 pages of exhibits to consider whether a plaintiff states a claim." *Desoto Grp., LLC v. Linetec Servs., LLC,* No. 3:20-cv-677-KHJ-LGI, 2021 U.S. Dist. LEXIS 160579, *6 (S.D. Miss. Aug. 25, 2021). *See also, Baker v. City of Loveland*, 686 Fed. Appx. 619, 620 (10th Cir. 2017) ("Prolixity of a complaint undermines the utility of the complaint . . . Thus, we have held that a complaint can run afoul of Rule 8 through unnecessary length and burying of material allegations in 'a morass of irrelevancies.'") (citations omitted); *UPS Store, Inc. v. Hagan*, 99 F. Supp. 3d 426, 431 (S.D. N.Y. 2015) (collecting "ample authority empowering a court to dismiss pleadings for failure to comply with Rule 8"); *McNamara v. Brauchler*, 2013 WL 6096262, at *3 (D. Colo. 2013), aff'd, 570 Fed. Appx. 741 (10th Cir. 2014) ("Rule 8 requires a narrow and specific statement of the facts and claims; it does not permit a plaintiff to file a lengthy manifesto and expect the Court and the Defendants to unravel it.").

Plaintiff's Second Amended Complaint contains multiple page-long paragraphs that are rife with conclusory statements, redundancies, and cryptic allegations that are difficult to decipher. This pattern of conduct continues in Plaintiff's briefs. Moreover, as discussed in prior briefing, Plaintiff relies on multiple exhibits attached to his complaint, many of which are difficult to even read, without explaining the relevance thereof.

The Defendants have had to expend extensive time and resources in determining how to respond to what otherwise should have been simple claims. And having to answer many of the allegations in the complaint would place an onerous burden on the Defendants. More importantly, the Second Amended Complaint unnecessarily taxes limited judicial resources. "[T]he law does not require, nor does justice demand, that a judge must grope through … pages of irrational, prolix

and redundant pleadings." *Gordon*, 602 F.2d at 746. Given that Plaintiff has had multiple opportunities to plead adequate claims for relief, and given the morass of statements contained within the Second Amended Complaint, the Court should dismiss the requested claims on this basis alone.

**B.     Plaintiff's Response Fails to Clarify or Support his Claims.**

Although the Defendants arguments for dismissal are adequately stated in their prior brief, they will briefly address Plaintiff's responses regarding certain particular claims. To the extent a claim is not addressed herein, Plaintiff's rely on their prior brief.

*1.     Harassment.*

Plaintiff clarifies that he is asserting a claim for "Harassment in the Workplace" not a claim for "harassment." *See* Plaintiff's Response, Doc. 17, ¶¶ 16-19. But this distinction does nothing to change the fact that there is no claim for "Harassment in the Workplace" under Mississippi law. This is underscored by the fact that every case Plaintiff cites in support of his claim for Harassment in the Workplace deals with a harassment claim under Title VII. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 60 (1986) ("Respondent brought this action … claiming that during her four years at the bank she had 'constantly been subjected to sexual harassment' by Taylor in violation of Title VII."); *Faragher v. City of Boca Raton*, 524 U.S. 775, 780 (1998) (analyzing circumstances "under which an employer may be held liable under Title VII … for the acts of a supervisory employee whose sexual harassment of subordinates has created a hostile work environment amounting to employment discrimination."); *Torres v. Pisano*, 116 F.3d 625, 629 (2nd Cir. 1997)(noting that the plaintiff "brought this suit against Coe, Pisano, Heller, and NYU, pursuant to Title VII of the Civil Rights Act of 1964.").

The Second Amended Complaint only references harassment in terms of a state law claim, not a federal claim under Title VII (instead asserting a Title VII discrimination claim). In the opening paragraph of his Second Amended Complaint, Plaintiff explains that, in addition to his federal claims, he is asserting "STATE CLAIMS of … [among other things] Harassment in the workplace." *See* Second Amended Complaint, Doc. 14, p. 1. Similarly, in Plaintiff's causes of action, harassment is not mentioned in Count One, which lists various federal claims, but is only included in the list of "state claims" in Count Two. *Id.* at p. 17-18. This confusion emphasizes two problems that exist with regard to all of Plaintiff's state law claims: (1) they are merely repurposed federal/constitutional discrimination claims that Plaintiff has made no attempt to separately state or support[2]; and (2) they are pled in such a confusing manner as to be impossible to respond to without fear of misinterpretation. Because the Plaintiff has not adequately stated a claim for Harassment in the Workplace, the Court should dismiss this claim with prejudice.

  2. *Misuse of Legal Policies.*

Instead of attempting to provide even one case that recognizes a claim for "misuse of legal policies," Plaintiff again merely points to the Civil Service Rules and inexplicably relies on the tort of misrepresentation, stating "misrepresentation is the tort that gives birth to the misuse of policies and/or reckless behavior of not following the policies and procedures as stated above and each these policies and procedures are documents relating to identifiable legal rights of Plaintiffs." *See* Plaintiff's Response, Doc. 17, ¶¶ 16-19. The Defendants beg the Court to consider the Defendants position in attempting to respond to this—and most every other—claim asserted by

---

[2] According to Plaintiff, Defendants breached a contract because they discriminated against him; Defendants are liable for misrepresentation because they discriminated against him; Defendants are strictly liable because they discriminated against him; Defendants breached a fiduciary duty because they discriminated against him; and so on.

the Plaintiff. The tort of "misuse of legal policies" simply does not exist and should be dismissed with prejudice.

3.   *Title VII.*

As to Plaintiffs' Title VII claim against Chief Read in his individual capacity, Plaintiff "assumes that Defendant is seeking Qualified Immunity." To be clear, while Chief Read does not waive the defense of qualified immunity, his argument in the instant motion is simply that Title VII does not impose liability on public officials in their individual capacity. *See Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 (5th Cir. 2003) (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 651-53 (5th Cir. 1994)).

4.   *Negligence Per Se.*

Plaintiff attempts to expound upon his negligence per se claim by, unsurprisingly, again citing the Civil Service rules. But Plaintiff's attempts to support his claim for negligence per se through briefing and argument does not change the fact that he gave the claim no such support in the Second Amended Complaint. In fact, Plaintiff mentions "negligent (sic) per se" only three times in the complaint, each time merely in a list of other legal theories without a shred of explanation or factual support. *See* Second Amended Complaint, Doc. 14, pp. 2, 18, 19. Such a laundry list approach does not satisfy Rule 8(a)(1). *See Jones v. United States Postal Serv.*, 690 Fed. Appx. 147, 147 (5th Cir. 2017).

Moreover, negligence per se is not a claim in and of itself, but is merely "the first step in the equation," and does not establish liability on its own. *Delahoussaye v. Mary Mahoney's, Inc.*, 783 So. 2d 666, 671 (Miss. 2001). Negligence per se supplies only the duty and the breach of a duty elements of a tort. *Id.* Plaintiff must also competently allege that the breach of the duty owed proximately caused the injury or damages sustained, which the Second Amended Complaint does

not do. *Id.* Finally, the violation of a regulation "may support a negligence per se theory only if it 'define[s] a reasonably prudent person's standard of care.'" 6 MS Prac. Encyclopedia MS Law § 52:18 (2d ed.) (citing *Frazier v. University of Mississippi Medical Center*, 2018 WL 5289907, *5 (S.D. Miss. 2018)). Plaintiff makes no allegation that the Civil Service rules define the standard of care for the Defendants, and makes no similar argument in his briefing. As such Plaintiff has failed to state a claim for negligence per se.

> 5. *Fourteenth Amendment Due Process.*

As explained in Defendants prior brief, Plaintiff's Second Amended Complaint makes no real attempt to set forth the basis for his Due Process claim. Like many of his state law claims, his Due Process claim is simply referenced in unsupported, conclusory statements. *See* Second Amended Complaint, Doc. 14, p. 17 ("Plaintiff's right to fair due process through the U.S. 14th Amendment was clearly violated and all Defendants must answer to the claims."). Plaintiff does not state whether his substantive and/or procedural due process rights have been violated, what specific facts led to the supposed violation, or (if the allegation is one of substantive due process) what property or liberty interest is at issue. Plaintiff is not *pro se*, and "it is not the Court's job to do Plaintiffs' counsels' work for them." *Javed v. Medgar Evers College of the City Univ. of N.Y.*, No. 15-cv-7424(FB)(ST), 2017 U.S. Dist. LEXIS 161095, *20 (E.D.N.Y. Sept. 29, 2017) (dismissing Plaintiff's second amended complaint and noting that it had "given Plaintiffs two opportunities to amend their Complaint. They do not need a third."). Without a clear and concise statement of Plaintiff's claims, Defendants are left guessing and could prejudice themselves by assuming to much or too little about the Plaintiffs claims. Because Plaintiff has failed to state a claim for Due Process violation, it must be dismissed.

## III.
## CONCLUSION

**WHEREFORE**, premises considered, the Defendants request that the Court enter an order, pursuant to Rule 12(b)(6), dismissing Plaintiff's claims with prejudice as set forth herein.

Respectfully submitted, this 11th day of November, 2021.

*/s/Joshua W. Stover*
Kermit L. Kendrick (MSB No. 100502)
Joshua W. Stover (MSB No. 105472)
*Attorneys for Defendants*

**OF COUNSEL:**
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
kkendrick@burr.com

and

The Pinnacle Building
190 E. Capitol St., Suite M-100
Jackson, Mississippi 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
jstover@burr.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document has been served by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this, the 11th day of November, 2021:

Abby Robinson
Abby Robinson & Associates Law Firm PLLC
227 E. Pearl Street
Jackson, Mississippi 39201
*Attorney for Plaintiff*

*/s/Joshua W. Stover*
Of Counsel