UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS VANN                                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:21-CV-305-DPJ-FKB

CITY OF MERIDIAN, ET AL.                                                                   DEFENDANTS

ORDER

This should be a routine employment dispute between Plaintiff Thomas Vann and Defendants Meridian Police Department (MPD), the City of Meridian, and Police Chief Chris Read. In simple terms, Vann says Defendants failed to promote him based on age, race, and gender and then retaliated when he complained. But Vann complicated matters by asserting a slew of legal claims that are either non-cognizable or unsupported by plausible factual averments in his Complaint. On that basis, Defendants seek partial dismissal. Mot. [15]. The Court grants their Motion in part.

I.       Background

Plaintiff Thomas Vann is an African-American male who was employed as an officer with MPD. After he sought, but was denied, a promotion in 2020, Vann complained within the department. According to him, the promotions were awarded to less worthy "Caucasian (white) men, . . . black men younger in age, [and] a woman." 2d Am. Compl. [14] ¶ 8. Vann also filed a charge of discrimination with the EEOC. *Id.* ¶ 9. Vann says Defendant Read responded by demoting Vann, giving him an undesirable shift, and filing several frivolous written reprimands against him. *Id.* ¶¶ 13, 24–25; *see* Duty Assignment Letter [14-10] at 1.

A month after his demotion, Vann filed this suit and then amended it before Defendants were served. Once served, Defendants sought a more definite statement, arguing that "Plaintiff's

Amended Complaint takes a shotgun approach, firing off a spray of claims against the various Defendants without regard for explaining the bases for each claim, whether a particular claim is stated against particular defendants, or whether each claim is stated against defendants in their official or individual capacities." Defs.' Mot. [10] at 1. United States Magistrate Judge F. Keith Ball agreed with Defendants and ordered Vann to file a second amended complaint that corrected the pleading deficiencies in his previous effort. Order [13] at 2; *see also* Fed. R. Civ. P. 12(e).

Vann complied, filing his Second Amended Complaint (hereinafter the "Complaint") that pleaded federal causes of action under Title VII, the ADEA, and § 1983 (for First and Fourteenth Amendment violations). He also asserted state-law claims for

> mental anguish, body injuries, Fraud, Breach of contract, fiduciary duties to employees, misrepresentation, misuse of legal policies, joint tortfeasors were applicable under federal claims and state claims, strict liability, negligent hiring, negligent retention, negligent supervising, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent per se, conspiracy, and Harassment in the workplace.

2d Am. Compl. [14] at 17–19 (sic).

Defendants say Vann's third iteration of his Complaint remains defective, so they now seek partial dismissal under Federal Rule of Civil Procedure 12(b)(6). Defs.' Mem. [16] at 1. Their motion is fully briefed, and because Vann raises federal questions, the Court has jurisdiction to consider it.

II.   Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face."[1]  *Twombly*, 550 U.S. at 570.  Under Rule 12(b)(6), a defendant may move to dismiss a claim on the basis that it has not met this standard.  *See* Fed. R. Civ. P. 12(b)(6).

In considering a Rule 12(b)(6) motion, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555)).

Overcoming a Rule 12(b)(6) motion requires "[f]actual allegations . . . rais[ing] a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (citations and footnote omitted).  "This evidence of" the necessary claims or elements."  *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Finally, the Court may dismiss a plaintiff's claims with prejudice under Rule 12(b)(6), "especially when," as in this case, the plaintiff has "already been granted leave to amend his original complaint and ha[s] been given the opportunity to identify any remaining live

---

[1] Vann suggests that the relevant standard is provided by *Conley v. Gibson*:  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Pl.'s Resp. [17] ¶ 7 (emphasis removed) (quoting 355 U.S. 41, 45–46 (1957)).  But the Supreme Court rejected that standard in *Twombly*, finding it "overly favorable to deficient complaints."  *Flynn v. CIT Grp.*, 294 F. App'x 152, 153 (5th Cir. 2008) (per curiam) (citing *Twombly*, 550 U.S. at 560–63, 563 n.8); *accord Choi v. Univ. of Tex. Health Sci. Ctr.*, 633 F. App'x 214, 215 n.2 (5th Cir. 2015) (per curiam).

controversies." *Thunderhorse v. Owens*, 762 F. App'x 184, 186 (5th Cir. 2019). Vann has received that opportunity, so dismissal will be with prejudice to amendment or refiling.

III.     Analysis

   A.     Prolixity Argument

Defendants argue in their Reply that Vann's Complaint remains "too convoluted and prolix to allow Defendants fair notice to respond and prepare defenses to most of the alleged claims." Defs.' Reply [18] at 1. That's likely true. But Defendants did not make that argument in their opening memorandum, and the Court generally refuses to address arguments first raised in reply. *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) ("It is the practice of . . . the district courts to refuse to consider arguments raised for the first time in reply briefs.") (citation omitted). In any event, once the conclusory assertions and frivolous claims are removed, the remaining claims will be easier to follow.

   B.     State-Law Claims

Defendants seek dismissal of Vann's state-law claims, some of which are novel. When considering state-law matters, federal courts must follow the decisions of the state's highest court or, in their absence, make an *Erie* guess as to how that court would rule. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (making an *Erie* guess in the Rule 12(b)(6) context).

   1.     Breach of Contract, Breach of Fiduciary Duty, Misrepresentation, Fraud, and Negligence Per Se

Defendants say the Court must dismiss the breach-of-contract, breach-of-fiduciary-duty, misrepresentation, and fraud claims because Vann "makes no attempt to differentiate the claims from one another, explain how each claim is cognizable under the facts alleged, or even recite

the elements of each claim." Defs.' Mem. [16] at 7–8.  They make similar arguments regarding negligence per se.  *Id.* at 3.

Vann's response to Defendants' motion is much like his Complaint; he mostly lumps the claims together.  For example, he argues that the City's civil code (addressing promotions) "is a pool of misrepresentation, that triggers breach of contract, that shots breached fiduciary ditties to employees that invites the damages of misuse of legal policies."  Pl.'s Resp. [17] ¶ 12 (sic).  He continues later:

> As such, misrepresentation is the tort that gives birth to the misuse of policies as damages, and this claim is established under Defendants deliberate, negligent and/or reckless behavior of not following the policies and procedures as stated above and each these policies and procedures are documents relating to identifiable legal rights of Plaintiffs.

*Id.* ¶ 14 (sic).  The Court will endeavor to separate the claims and arguments.

a. Misrepresentation/Fraud

Vann premises his misrepresentation and fraud claims on Defendants' "clear express writing that they will abide by" the employment policies in the City's civil code.  *Id.* (sic).  "[T]o establish fraudulent misrepresentation, the elements of fraud must be proven."  *Gulf Coast Hospice LLC v. LHC Grp., Inc.*, 273 So. 3d 721, 742 (Miss. 2019) (en banc) (quoting *Levens v. Campbell*, 733 So. 2d 753, 762 (Miss. 1999)).  The elements of fraud are:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.

*In re Miss. Medicaid Pharm. Average Wholesale Price Litig.*, 190 So. 3d 829, 835 (Miss. 2015) (en banc) (quoting *Franklin v. Lovitt Equip. Co.*, 420 So. 2d 1370, 1373 (Miss. 1982)).

At the pleading stage, a party "alleging fraud . . . must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Despite Judge Ball's order requiring a more definite statement, Vann still failed to plead this claim with the particularity Rule 9(b) requires.

He did, however, explain in his response that Defendants promised to "abide by" the adopted civil code. Pl.'s Resp. [17] ¶ 14. But "even in cases where fraud is alleged, a promise of future conduct does not meet the requirement of a 'representation' unless the promise was made with the present intent not to perform." *LHC Grp., Inc.*, 273 So. 3d at 742 (quoting *Bank of Shaw v. Posey*, 573 So. 2d 1355, 1360 (Miss. 1990)); *see Moran v. Fairley*, 919 So. 2d 969, 973 (Miss. Ct. App. 2005) ("The first element of negligent misrepresentation, misrepresentation of a fact, must concern a past or present fact, as contrasted with a promise of future conduct." (citing *Spragins v. Sunburst Bank*, 605 So. 2d 777, 780 (Miss. 1992)). Promising to abide by a policy in the future fails to plausibly state a claim for fraud or misrepresentation. The claims are dismissed.

b. Breach of Fiduciary Duty

Moving on, "a fiduciary duty exists where one person or institution assumes a trust relationship with another, such that the former, as a matter of choice or legal obligation, assumes the responsibility to act in the best interest of the latter, even to the detriment and peril of the best interests of the former." *Roman Cath. Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1239 (Miss. 2005) (en banc). Vann pleaded no facts in his Complaint plausibly suggesting a fiduciary duty. Moreover, he provided no argument in his response suggesting that an employer owes a fiduciary duty to an employee. The claim is dismissed.

c.     Breach of Contract

Defendants generally say Vann failed to "differentiate" this claim from others or explain "the legal and factual basis" for it. Defs.' Mem. [16] at 7–8. Defendants are correct—to a point—Vann should not have lumped his claims together. But he clearly premises his breach-of-contract claim on the alleged failure to follow the employment provisions found in the City's civil code. *See* 2d Am. Compl. [14] ¶ 16 (citing disputed provisions). Indeed, Defendants recognized as much when they argued that Vann failed to offer legal authority establishing that a civil code can create contract obligations. *See* Defs.' Mem. [16] at 8.

It certainly would have been helpful for Vann to *substantively* address the legal basis for his claims in his response to Defendants' motion to dismiss, but Defendants offered no legal analysis of them either. And the Court is aware of potential theories that should be addressed. For example, neither party discusses cases like *Bobbit v. Orchard, Ltd.*, where the Mississippi Supreme Court held that an employee handbook and manual created contract rights. 603 So. 2d 356, 361 (Miss. 1992); *but see So. Farm Bureau Life Ins. Co. v. Thomas*, 299 So. 3d 752, 756–57 (refusing to extend *Bobbitt* where "the handbook began with the express disclaimer, 'This handbook is not a contract of employment'").[2]

In addition, Vann had no duty to establish a legal basis for the claim in his Complaint. "The Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint. A complaint need not cite a specific statutory provision or articulate a perfect 'statement of the legal theory supporting the claim asserted.'" *Smith v. Bank*

---

[2] The Court also questions whether *Starks v. City of Fayette*, is factually or legally relevant. 911 So. 2d 1030, 1034 (Miss. Ct. App. 2005) (holding that a city "lacks the authority to alter the at-will employment design established in section 21-3-5"); *see also* Miss. Code Ann. § 21-3-5 (2019); Miss. Code Ann. § 11-46-9(1)(b) (2013).

7

*of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (footnotes omitted) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 10–11 (2014) (per curiam)).

At this stage, Vann's factual theory supporting the breach-of-contract claim is apparent, so Defendants' initial basis for dismissal is unwarranted. In addition, the Court is unwilling to consider whether that claim is cognizable without further input from the parties. Defendants are free to revisit the issue with record evidence under Rule 56, but the breach-of-contract claim moves forward.

                d.      Negligence Per Se

Vann's Complaint generically says Defendants were "negligent per se." 2d Am. Compl. [14] at 18. "[T]he doctrine of negligence per se . . . essentially provides that breach of a statute or ordinance may render the offender liable in tort without proof of lack of due care." *Simpson v. Boyd*, 880 So. 2d 1047, 1052 (Miss. 2004) (en banc).

Defendants first argue that Vann merely listed negligence per se "as one of multiple causes of action" reflected in Count II of his Complaint without plausibly pleading the claim. Defs.' Mem. [16] at 3. Defendants are correct, but Vann now offers the following explanation in response to the motion to dismiss:

> Plaintiff's amended complaint not only identified a duty and breach pursuant to Defendant Civil Service policy and procedures but he also identified that he is a protected class member under Race Discrimination. . . . [T]he same defendants . . . named under the violation of race discrimination and the violation of their policy and procedures can only be the same violators of negligence per se because negligence per se the violator is presumed to have a duty and breach thereof was established.

Pl.'s Resp. [17] ¶¶ 9–10 (sic). Thus, the negligence-per-se claim is apparently premised on alleged breaches of the civil code and federal employment-discrimination laws.

But even accepting those theories as valid, Defendants also argue that negligence per se is not a separate cause of action. They are again correct. "[A] finding of negligence per se is only the first step in the equation, and does not, in and of itself, establish liability on the part of the defendant. Negligence per se supplies only the duty and the breach of a duty elements of a tort." *Delahoussaye v. Mary Mahoney's, Inc.*, 783 So. 2d 666, 671 (Miss. 2001). Accordingly, to the extent Vann intended to plead negligence per se as an independent cause of action, Defendants' motion is granted.[3]

### 2. Misuse of Legal Policy, Harassment in the Workplace, "Body Injuries," Mental Anguish, "Joint Tortfeasors," and Vicarious Liability

Defendants accuse Vann of "invent[ing]" his state-law causes of action for misuse of legal policy and harassment in the workplace and "invite Plaintiff to provide any authority" that those claims "exist under Mississippi law." Defs.' Mem. [16] at 4. Defendants also argue that Vann's causes of action for "body injuries," "mental anguish," "joint tortfeasors," and "vicarious liability" are just mislabeled damages theories and "legal concepts," not causes of action. *Id.* n.1. The parties generally discuss these claims in these groups, so the Court will follow suit.

To begin, Vann argues that his Complaint states a claim for misuse of legal process because Defendants violated their own policies, "therefore triggering a violation of Plaintiff's constitutional rights." Pl.'s Resp. [17] at 5. He cites no legal authority suggesting that Mississippi would recognize tort liability under that theory, which seems like an alternative way

---

[3] Before trial, the parties should address whether negligence per se applies at all. Vann offers no legal authority suggesting that Mississippi would recognize a tort in this context or that it would look to the City's civil code or federal anti-discrimination laws for the duty of care. Indeed, his argument would create a huge swath of new state-law causes of action and seems inconsistent with existing precedent. *See Thomas*, 299 So. 3d at 757–58 (refusing to create common-law alternative to federal statutory claims); *see also Spiers v. Oak Grove Credit, LLC*, 328 So. 3d 645, 655–56 & n.6 (Miss. 2021) (en banc) (declining to create a common-law action for pregnancy-based employment discrimination).

9

to assert his § 1983 claim for violation of his constitutional rights. But even under § 1983, "a failure to follow policy is not in and of itself a constitutional violation." *Velazquez v. City of Westwego*, 531 F. Supp. 3d 1142, 1161 (E.D. La. 2021) (citing *Pratt v. Harris Cnty.*, 822 F.3d 174, 183–84 (5th Cir. 2016) (noting that constitutionality of an official's actions is "neither guided nor governed . . . by his adherence to the policies of the department under which [she] operates"); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) ("The claim is that the mere failure . . . to follow their [departmental] regulations was a constitutional violation. There is no such controlling constitutional principle.")). In short, Vann failed to cite any authority in his response recognizing a misuse-of-legal-policy claim under Mississippi law, and—unlike the breach-of-contract claim—the Court found no legal authority even suggesting such a claim. The Court therefore makes the *Erie* guess that Mississippi would not create this new cause of action.

Defendants also argue that Plaintiff's state-law harassment-in-the-workplace, "body injury," and mental anguish claims are not cognizable under Mississippi law. Vann offers a difficult-to-follow response:

> Defendants states that Plaintiff's claims and damages of harassment(although Plaintiffs claims ***are not for harassment,*** rather Harassment in the Work[5]place, body injuries, and mental anguish are not recognizable under Mississippi. However, the U.S. Supreme Court has held that: " "the harassment of its supervisory employees because the harassment was pervasive enough to support an inference that the City had "knowledge, or constructive knowledge," of it; under traditional agency principles Terry and Silverman were acting as the City's agents when they committed the harassing acts; and a third supervisor had knowledge of the harassment and failed to report it to City officials. *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 106 S. Ct. 2399, 91 L.Ed.2d 49, and on the Restatement (Second) of Agency § 219 (1957) (Restatement), *Faragher v. City of Boca Raton*, 524 U.S. 775, 775, 118 S. Ct. 2275, 2277, 141 L. Ed. 2d 662 (1998).

Pl.'s Resp. [17] ¶ 16 (sic).

This response seems to concede that "body injuries" and "mental anguish" are not independent claims. If so, then they are due for dismissal. If not, then Vann has offered neither legal argument nor authority rebutting Defendants' motion. Either way, the motion is granted to the extent the Complaint ever asserted these theories as causes of action. The same is true if Vann meant to assert a cause of action for "joint tortfeasors" and "vicarious liability."

The harassment claim is trickier. Vann's Complaint expressly states that his claim for "harassment in the workplace" falls under state law. 2d Am. Compl. [14] at 1–2, 18. Although he never abandons that position, his response to Defendants' motion cites no Mississippi cases and instead relies exclusively on federal cases construing federal statutes that prohibit hostile work environments. Pl.'s Resp. [17] ¶¶ 16–17.

For starters, the Court agrees with Defendants that there is no state-law claim for harassment in the workplace. In fact, Mississippi does not have a generally applicable anti-employment-discrimination law. *See Thomas*, 299 So. 3d at 757–58; *see also Smith v. Murphy & Sons, Inc.*, No. 2:06-CV-79, 2007 WL 2475877, at *12 (N.D. Miss. Aug. 28, 2007) (holding that though defendant's alleged sexual harassment was "clearly reprehensible, recovery for these actions is available under federal law, and the Mississippi Supreme Court has given no indication that recovery under state tort law is available under circumstances comparable to those here").

The harder question is whether to allow Vann to proceed on a federal hostile-work-environment claim after he labeled the cause of action a "harassment" claim under state law. "The Supreme Court has cautioned that courts should not dismiss claims because of an 'imperfect statement of the legal theory.'" *Melvin v. Barr Roofing Co.*, 806 F. App'x 301, 308 (5th Cir. 2020) (per curiam) (quoting *City of Shelby*, 574 U.S. at 11). Thus, "[t]he 'form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to

11

categorize correctly the legal theory giving rise to the claim.'" *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981)).

Here, Vann's Complaint offers non-conclusory factual averments of alleged harassment at work. 2d Am. Compl. [14] ¶ 25. While he uses the wrong label and the wrong body of law, he put Defendants on notice of a hostile-work-environment claim. *See Melvin*, 806 F. App'x at 308 (finding plaintiff adequately pleaded hostile-work-environment claim by asserting "harassment" and noting that "failure to use the 'magic words' is not dispositive") (quoting *Williamson*, 224 F.3d at 434). Whether that claim is legally plausible under federal law turns on issues the parties have not yet addressed. So, at this point, the claim survives under federal law; Defendants' motion is granted as to any state-law harassment claim but otherwise denied.

        3.        Remaining State-Law Claims

Despite several opportunities to plead and explain his claims, Vann has offered no legitimate arguments supporting his conspiracy, negligent-hiring, negligent-supervision, negligent-retention, intentional-infliction-of-emotional-distress (IIED), negligent-infliction-of-emotional-distress (NIED), or strict-liability claims. These claims are dismissed.

    C.    Federal-Law Claims

Defendants do not seek to dismiss Vann's § 1983 Equal Protection claims or his Title VII claim against the City. Defs.' Mem. [16] at 10. As such, those claims continue.

        1.        Section 1983 Claims for First Amendment (Retaliation) and Fourteenth Amendment (Due Process) Violations

According to Defendants, Vann's First Amendment and Fourteenth Amendment due-process claims fail to explain "*how* [his] rights were violated." Defs.' Mem. [16] at 10. Starting with the First Amendment, a retaliation cause of action exists where a plaintiff "suffer[s] an

12

adverse employment action for exercising her right to free speech." *Pierce v. Tex. Dep't of Crim. Just., Inst. Div.*, 37 F.3d 1146, 1149 (5th Cir. 1994); *cf. Sharp v. City of Houston*, 164 F.3d 923, 932 (5th Cir. 1999) (noting the elements of the claim in the municipal-liability context). Here, Vann alleged in his Complaint that he was "demoted," "written up," and "placed on the mid-night patrol shift." 2d Am. Compl. [14] ¶ 13. He describes the moves as "unconstitutional" and later states that "all of this was a result of his filing his intent to sue" and "EEOC complaint." *Id.* While there may be other issues with this claim, the Complaint does explain Vann's theory, so Defendants' motion is denied.

Conversely, Vann's response to Defendants' Fourteenth Amendment due-process argument merely references the conclusory averments in his Complaint and states—again in a conclusory fashion—that a claim exists. Pl.'s Resp. [17] at 11. He has never explained whether the claim is procedural or substantive, nor has he indicated how Defendants violated his due-process rights. The Court therefore finds that the Complaint fails to plausibly suggest a viable due-process claim. Defendants' motion is granted.

2. Title VII Claims Against Read in his Individual Capacity

Vann sues Read under Title VII, but, as Defendants note, "[i]ndividuals are not liable under Title VII" because they are not employers as the act defines them. *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citation omitted); *see also* Defs.' Mem. [16] at 11. Vann assumes in response that Defendants are attempting to assert qualified immunity and argues that it does not apply. Pl.'s Resp. [17] ¶ 22. But that is not Defendants' point, and Vann has not rebutted their argument that Title VII provides no claim against "government officials in their individual capacity." Defs.' Mem. [16] at 11. Defendants' motion is granted.

13

3. Section 1983 and Title VII Claims Against Read in his Official Capacity

Defendants say Vann's official-capacity claims against Read must be dismissed because they duplicate Vann's claims against the City. Defs.' Mem. [16] at 11–12. Vann responds but addresses a separate argument Defendants never raised: "Although Defendants for some reason failed to state the words [']immunity,' immunity is the only shield to prevent an employee from being held liable for acts that were performed by him while working under the government guise." Pl.'s Resp. [17] ¶ 30.

The issue is not immunity but whether a plaintiff can sue both the municipality and the officer in his official capacity. "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Conversely, official-capacity suits are "only another way of pleading an action against an entity of which an officer is an agent." *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "[T]he real party in interest in an official-capacity suit is the governmental entity and *not* the named official . . . ." *Id.* (emphasis added); *accord id.* at 27 ("State officers sued . . . in their *official* capacity . . . assume the identity of the government that employs them.") (emphasis added). Official-capacity claims against the named official that mirror claims against the governmental entity are duplicative and can, accordingly, be dismissed. *See Garza v. Escobar*, 972 F.3d 721, 734 (5th Cir. 2020) (holding the district court was correct to "dismiss[] the official capacity claim as duplicative of the claim against [the municipality]").

In other words, claims against Read in his official capacity *are* claims against the City, but Vann has separately pleaded *those same claims* against the City. That redundancy is unnecessary. Vann's official-capacity claims against Read are dismissed.

14

IV.     Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the result.  Defendants' Motion [15] is denied as to Vann's breach-of-contract, hostile-work-environment, and § 1983 First Amendment claims.  The motion is granted as to Vann's negligence-per-se, breach-of-fiduciary-duty, fraudulent-misrepresentation, fraud, negligent-misrepresentation, misuse-of-a-legal-policy, "body-injuries," mental-anguish, conspiracy, negligent-hiring, negligent-supervision, negligent-retention, IIED, NIED, strict-liability, and § 1983 due-process claims.  It is also granted as to the Title VII claims against Read in his individual capacity and the § 1983 claims against Read in his official capacity.

The parties are directed to contact the chambers of Judge Ball within 10 days to request a status conference.  *See* Apr. 5, 2022 Text-Only Order (staying discovery and pre-discovery disclosure requirements pending a decision on the motion to dismiss).

**SO ORDERED AND ADJUDGED** this the 18th day of August, 2022.

                                    s/ *Daniel P. Jordan III*
                                    CHIEF UNITED STATES DISTRICT JUDGE