UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS VANN                                                                                    PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:21-CV-305-DPJ-FKB

CITY OF MERIDIAN, ET AL.                                                                DEFENDANTS

ORDER

Defendant City of Meridian asks the Court to dismiss Plaintiff Thomas Vann's Title VII hostile-work-environment and disparate-treatment claims because they are time-barred and unexhausted. The City's motion [30] is granted.

I.   Background

Plaintiff Thomas Vann is a Black officer who was employed by the Meridian Police Department (MPD). While working as a detective corporal with MPD, Vann alleges that his supervisor—Captain Jay Arrington—harassed him because of his race. Third Am. Compl. [29] ¶¶ 6–7. Vann unsuccessfully complained about the harassment to the City's human-resources official and through Vann's chain of command. *Id.* ¶ 7.

From March 2018 to April 2021, following his internal complaints, MPD gave Vann excessive case assignments. *Id.* ¶¶ 8–10. For example, while assigned as a domestic-violence investigator, Vann received non-domestic-violence cases—unlike his two white predecessors. *Id.* ¶ 9. And unlike detectives who managed only the cases they opened, Vann was thrown, midstream, into ongoing investigations. *Id.* ¶ 10.

During this time, in May or June 2019, Vann scored third and second on the Sergeant and Lieutenant exams, respectively, and was placed on promotion lists valid until June 5, 2020.[1] *Id.* ¶ 11. There were several openings while the lists were valid, but Vann was never promoted. *Id.* Instead, MPD promoted seven white officers and three Black officers—some not on the list. *Id.* Similarly, in July 2020, a white male officer was promoted to Lieutenant. *Id.* Vann alleges that he was qualified for the positions and the other officers were not. *Id.* ¶ 12.

After hiring an attorney, Vann filed a charge of discrimination with the EEOC on January 14, 2021, alleging retaliation and race-based failure to promote.[2] *Id.* ¶¶ 13–14; *see also* EEOC Charge [30-1] at 1. Vann's attorney then served the City with a "Notice of Intent to Sue," and Vann was later kicked out of the criminal investigations division and demoted to night patrol. *Id.* ¶ 14. After filing this suit on April 30, 2021, Vann was terminated for keeping case evidence in his office—Vann says this was standard MPD practice. *Id.* ¶ 15.

On April 30, 2021, Vann filed his first Complaint, but he has had trouble moving past the pleading stage. He first amended the complaint before serving the defendants. The magistrate judge then instructed him to file a second amended complaint after granting the City's motion for a more definite statement. But that pleading was also flawed and drew a motion to dismiss that was granted in part. *See* Order [25]. The Court noted pleading errors that made the Second Amended Complaint hard to follow but concluded that some claims survived—others were dismissed under Rule 12(b)(6). *See id.*

---

[1] Vann refers to "promotion lists," *id.* ¶ 11(i), and a "promotion list," *id.* ¶ 11(iii). The difference is immaterial for this Order, so the Court will use the plural.

[2] The City says Vann filed the EEOC charge on January 14, 2021, though he dated his signature January 9. Def.'s Reply [36] at 7; EEOC Charge [30-1] at 1. The signature date might not correspond to the filing date, and Vann has not yet disputed the City's assertion.

Vann then switched attorneys and moved to amend. His Proposed Third Amended Complaint helped, and the City acknowledged the effort. *See* Def.'s Resp. [27] at 4. But the City still observed ambiguity and stated that it would not object as long as the new pleading was limited to four claims: "(1) Title VII racial discrimination; (2) Title VII hostile-work-environment; (3) Section 1983 First Amendment retaliation; and (4) breach-of-contract." *Id.*

When Vann declined to reply, the Court essentially agreed with the City's characterization of claims. Order [28] at 1–2. But the Court confused things in its Order by observing that Vann's proposed amended pleading limited his suit to *three* claims—those the City identified in its response minus the Title VII racial-discrimination claim the City had discerned in Count Two.

Once Vann filed his Third Amended Complaint [29], the City filed the present motion to dismiss but did not address the race claim because of the Court's mistake. It did, however, argue that the hostile-work-environment claim is procedurally and substantively deficient. *See* Def.'s Mot. [30]. Vann responded regarding the hostile-work-environment claim but also stated that "the Second Claim for Relief is not confined to 'hostile work environment' but also [includes] a claim of racial discrimination in promotions." Pl.'s Resp. [34] at 4. That prompted the City to seek its dismissal in reply. *See* Reply [36].

Because Vann did plead a failure-to-promote claim that the City recognized in its response to the motion for leave to amend, this Order considers the merits of that claim along with the hostile-work-environment claim.

II.  Standard

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must have pleaded "sufficient factual matter . . . to state a claim to relief that is plausible on its face."

3

*Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

For this inquiry, "court[s] accept 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Thus, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Ultimately, the standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

III.     Analysis

    A.     Failure-to-Promote Claim

The City contends that Vann's failure-to-promote claim is time-barred. Def.'s Reply [36] at 7. Under Title VII, an EEOC charge "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). "A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within . . . 180 . . . days of the date of the act or lose the ability to recover for

it." *N'tl R.R. Passenger Cor. v. Morgan*, 536 U.S. 101, 110 (2002). This time limit operates as a statute of limitations. *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999).

Failure-to-promote claims are considered "discrete acts." *Id.* at 110 (observing that "[d]iscrete acts such as . . . failure to promote . . . are easy to identify"). And because Vann filed his EEOC charge on January 14, 2021, any promotion decisions made before July 18, 2020, are time-barred. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 352 (5th Cir. 2001) ("[E]mployee who claims to be the victim of a racially motivated failure to promote" must file an EEOC charge "within 180 days of the adverse decision.").

To begin, Vann alleges that the City maintained promotion lists that were "valid until June 5, 2020." Third Am. Compl. [29] ¶ 11. He then alleges that the City violated Title VII by denying him promotions while those lists were valid. *Id.* But if the lists expired June 5, then any promotions made from them occurred before the July 18, 2020 statutory window. Those claims are time-barred.

That accounts for all but one promotion Vann pleads. According to him, "In July, despite the promotion list having expired, successor Chief Chris Read promoted 1 white male to Lieutenant, a vacant promotion opportunity that was available for [Chief Charles] Coleman to promote Vann." *Id.* ¶ 11(vi) (unaltered). Vann never says which year this occurred or whether it was after July 18, 2020. But that alone would not be enough to dismiss the claim. Although Rule 12(b)(6) dismissal is "'appropriate based on a successful affirmative defense,' . . . the affirmative defense [must] 'appear on the face of the complaint.'" *Basic Cap. Mgmt. v. Dynex Cap., Inc.*, 976 F.3d 585, 588 (5th Cir. 2020) (quoting *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006)). Thus, "the pleadings must 'reveal beyond doubt that the plaintiffs can prove no set of facts' that would overcome the defense or

otherwise entitle them to relief." *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022) (quoting *Garrett v. Commonwealth Mortg. Corp.*, 938 F.2d 591, 594 (5th Cir. 1991)). Defendants have not met this burden as to the July promotion, so it survives their motion.

As for the rest, they are time-barred and must be dismissed. That said, this is the first time this claim has been dismissed under Rule 12(b)(6), and "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Plus, the City raised its arguments mostly in its reply. Consequently, if Vann can factually establish promotion claims accruing after July 18, 2020, and otherwise plead a plausible claim, he may move for leave to amend his complaint (as to this claim) within 14 days of this Order.

B.  Hostile-Work-Environment Claim

The City says Vann's hostile-work-environment claim exceeds the scope of his EEOC charge and, in any event, fails to state a claim. Starting with the City's first argument, as explained above, a plaintiff must file a charge with the EEOC before commencing a Title VII action in federal court. 42 U.S.C. § 2000e-5(f)(1). "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *Stingley v. Watson Quality Ford, Jackson, MS*, 836 F. App'x 286, 291 (5th Cir. 2020) (quoting *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008)).

But courts should look "beyond [an EEOC charge's] four corners, to its substance rather than its label." *Id.* (quoting *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006)). And they "should not be stingy when assessing the litigable claims [an EEOC charge] encompasses." *Id.*

Thus, a cause of action can be based on "any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Id.* (citing *Fellows v. Universal Rest., Inc.*, 701 F.2d 447, 450–51 (5th Cir. 1983)).  Vann's statement reads as follows:

> DISCRIMINATION BASED ON (Check appropriate box(es))   DATE(S) DISCRIMINATION TOOK PLACE
> ☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN   Earliest   Latest
> ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
> ☐ OTHER (Specify)                                           ☐ CONTINUING ACTION
>
> THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
> I'm a blackman with over 13 years experience as a law enforcement officer whom score 3rd on the sergeant's test and 2nd on the lieutenant test in May and June of 2019. I have been overlooked for a promotion to sergeant and lieutenant due to my race and I'm being retaliated upon eventhough I have more experience as an investigator working cases such as violent crimes, domestic violence, and homicides, then my white counterparts Moody and Boyd and Chief Read, whom are all white males and whom have been promoted

This charge does not allege facts that could put the City on notice of a potential hostile-work-environment claim—it describes disparate treatment and retaliation.  And as the City notes, the Fifth Circuit has made clear in unpublished opinions that it's not reasonable to draw a hostile-work-environment claim from allegations of discrete discrimination.  *See Stith v. Perot Sys. Corp.*, 122 F. App'x 115, 118 (5th Cir. 2005) (stating Plaintiff cannot recover for hostile work environment when "nowhere in the narrative of her EEOC charge is anything other than the alleged discrete acts of discrimination"); *Gates v. Lyondell Petrochemical Co.*, 227 F. App'x 409 (5th Cir. 2007) (find that Plaintiff's "hostile environment . . . claim[] could not be expected to grow out of her EEOC discrimination charge when she charged only her employer's discrete acts in terminating and failing to promote her, and made no mention of a hostile work environment or unequal pay"); *Mitchell v. U T L X Mfg., L.L.C.*, 569 F. App'x 228, 231 (5th Cir. 2014) (finding that it was "clear that [plaintiff] raised only his race discrimination and retaliation

7

claims before the EEOC" and thus "the district court correctly dismissed his hostile work environment claim as unexhausted").

In response, Vann offers boilerplate law and conclusory facts. Pl.'s Resp. [34] at 1–2. That is not enough to overcome the Fifth Circuit's consistent findings that hostile-work-environment claims exceed the scope of what can reasonably grow out of an EEOC investigation into disparate-treatment and retaliation claims. *See, e.g.*, *Turner v. Novartis Pharms. Corp.*, 442 F. App'x 139, 141 (5th Cir. 2011) ("[Plaintiff] filed two EEOC charges, one alleging discrimination and one alleging retaliation. Neither of the two charges reasonably encompasses his new claim of a hostile work environment."). Vann was represented by counsel when he filed his charge; he did not exhaust the hostile-work-environment claim.

Because Vann never exhausted his hostile-work-environment claim, the Court need not consider the City's alternative arguments for finding that he failed to state a claim. Vann's hostile-work-environment claim is dismissed.

IV. Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the result. Defendant's Motion to Dismiss [30] is granted; Plaintiff may move to amend his complaint as to his Title VII failure-to-promote claim within 14 days of this Order.

**SO ORDERED AND ADJUDGED** this the 1st day of August, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

8