UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS SOLOMAN VANN, JR.                                                                PLAINTIFF

CIVIL NO. 3:21-CV-305-DPJ-ASH

CITY OF MERIDIAN et al.                                                                  DEFENDANTS

ORDER

Thomas Soloman Vann, Jr., sued the City of Meridian and his former supervisors on the police force, alleging unlawful racial discrimination and retaliation. Two Title VII claims will be tried on January 27, 2025: (1) failure to promote and (2) retaliatory transfer. *See* Order [58]. This Order addresses Defendant City of Meridian's motion in limine [63], which was discussed with the parties during the December 13, 2024 pretrial conference.

I.   Standard

As summarized by the Fifth Circuit:

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation omitted). As with all in limine orders, the non-prevailing party may revisit the issue at trial outside the jury's presence. *See Jackson-Hall v. Moss Point Sch. Dist.*, No. 3:11-CV-42-DPJ-FKB, 2012 WL 1098524, at *4 (S.D. Miss. Apr. 2, 2012).

II.  Analysis

The City's motion seeks to exclude five categories of evidence, some of which are not contested.

> A. Evidence of Alleged Wrongdoing, Discriminatory Acts, or Retaliatory Acts Related to Plaintiff's Now-Dismissed Claims

Identifying Vann's claims has been a task. After six attempts to plead his case—and multiple Rule 12(b)(6) orders—the parties stipulated that Vann would pursue four causes of action:

- Failure to promote under Title VII. This claim is limited to promotions of police officers to the positions of sergeant and/or lieutenant between the dates of July 18, 2020[,] and January 14, 2021. This claim is asserted against the City only.

- Retaliatory demotion and termination under Title VII. This claim is asserted against the City only.

- First Amendment retaliatory demotion and termination under 42 U.S.C. [§] 1983. This claim is asserted against all defendants.

- Due process violation under 42 U.S.C. [§] 1983. This claim is asserted against all defendants.

Stip. [43] at 2.

After the claims were defined, Defendants sought summary judgment [49], and the Court granted the motion on the two § 1983 claims. It also granted summary judgment on the Title VII termination claim. That left two claims against the City—Title VII failure to promote and Title VII retaliatory demotion (or transfer). The City now seeks an order precluding Vann from offering evidence related to any other claims and provides four broad categories of evidence that should be excluded.

Defendants are generally correct—any attempts to prove dismissed claims would be irrelevant and unfairly prejudicial. Fed. R. Evid. 401–403. But Vann's response suggests that some of this evidence would also be relevant to his surviving claims. He might be right, but it's hard to tell until the Court hears the other evidence and sees the way Vann intends to use the

disputed evidence. For now, the Court will go as far as it can on the following categories the City identified.

***"[E]vidence of allegedly inequitable work assignments, which relates to Plaintiff's now-dismissed hostile work environment claim"*:** The motion is granted as to any suggestion that allegedly inequitable work assignments constituted unlawful harassment. But Vann says he will use the evidence to show his reputation as a capable detective and thus support his failure-to-promote claim. The motion is denied to that extent.[1]

***"[E]vidence of confrontations with work superiors occurring years prior to plaintiff's failure to promote claim, which also relates to Plaintiff's now-dismissed hostile work environment claim"*:** The motion is granted only to the extent Vann may not use this evidence to suggest a hostile-work-environment claim because there isn't one. Fed. R. Evid. 401–403. But beyond that, it is conceivable that some interactions before the alleged failure to promote might speak to Vann's claims.[2] They might for example speak to a witness's bias, to background issues, or to some other matter the Court could not anticipate without knowing more precisely what this evidence entails. That doesn't mean the evidence will be admitted, but the City will need to make a contemporaneous objection at trial if it is offered.

***"[F]acts related to Plaintiff's termination"*:** The motion is granted to the limited extent that Plaintiff should not be heard to argue or suggest that his termination was wrongful. He has already litigated that issue in state court, and the Title VII and § 1983 termination claims have

---

[1] That does not necessarily mean it will be admitted. The City must make a contemporaneous objection at trial so the Court can consider the evidence in context. This same observation applies to all denied aspects of Defendant's motion.

[2] It is less likely that confrontations before the failed promotion would be relevant to the retaliation claim because he had not yet engaged in protected activities.

been dismissed. *See* Order [47] at 18–20. Evidence related to alleged wrongful termination would therefore be irrelevant, confusing, and unfairly prejudicial. Fed. R. Evid. 401–403.

But the motion is taken under advisement regarding *facts* related to Vann's termination because the City has asserted an after-acquired evidence defense, claiming that his termination in February 2022 precludes back pay and front pay after that date. As addressed in section II(D), *infra*, the parties have been instructed to brief that defense and whether it presents a fact question that would make the termination facts relevant.

***"[F]acts related to the City's defense of Plaintiff's appeal of his termination to the Meridian Civil Service Commission":*** The Court grants the motion to exclude facts related to the City's defense of Vann's appeal of his termination to the Meridian Civil Service Commission. Vann states in his response that he does not intend to address those proceedings. *See* Pl.'s Resp. [64] at 3. His counsel did say during the pretrial conference that the facts of the termination might be relevant, which is addressed above, but no valid basis has been presented that would make the City's defense of the state-court proceedings admissible. *See* Fed. R. Evid. 401–403.

      B.      Evidence of Comparator Promotions Occurring Outside Stipulated Timeframe

As stated, the parties stipulated that the failure-to-promote claim is limited to "promotions of police officers to the positions of sergeant and/or lieutenant between the dates of July 18, 2020[,] and January 14, 2021." Stip. [43] at 2. In its summary-judgment Order, the Court noted that "the parties' stipulation did not limit the relevant evidence to events during the stipulated period; it limited the claims to alleged failures to promote during that time." Order [47] at 8.

Guided by that holding, the City explained more clearly in reply that it fears Vann might attempt to show someone was unlawfully promoted over him to positions that were filled outside this timeframe. In other words, he may attempt to try new claims. The City understands, however, that evidence outside that window could be relevant to issues like pretext. *See* Reply [65] at 2. It appeared during the pretrial conference that the parties now agree to these parameters, so the motion is granted regarding efforts to litigate failure-to-promote claims outside the stipulated window.

    C.    Back Pay

This is an interesting one. The City says its decision to terminate Vann's employment severs his back pay claim as of the termination date and precludes front pay. Mot. [63] at 3 (citing *Keeley v. Cisco Sys.*, No. 3:01-CV-1504, 2003 U.S. Dist. LEXIS 13944, at *47–49 (N.D. Tex. Aug. 8, 2003)). That is certainly a valid theory, but it normally presents a question of fact whether the alleged conduct "was of such severity that [he] would have been terminated on those grounds alone." *Ameristar Airways, Inc. v. Admin. Rev. Bd., U.S. Dep't of Lab.*, 650 F.3d 562, 570 (5th Cir. 2011). Here though, Vann was actually fired, and he has already litigated the validity of that termination in state court. He lost. That might preclude Vann from relitigating the validity of the termination here, which may mean this motion should be granted. For his part, Vann argues that had the City not violated Title VII by denying him a promotion, he would never have been in the situation that led to the termination. Resp. [64] at 3. He offers no authority for that argument. The parties have been instructed to brief these issues, so for now this matter is deferred.

D. Front Pay

The City seeks to exclude evidence supporting the claim for front pay, again based on after-acquired evidence. There may be some overlap in the evidence related to back pay and front pay, and, to that extent, this motion would be denied. But "[s]ince front pay is an equitable remedy, the district court rather than the jury should determine whether an award of front pay is appropriate, and if so, the amount of the award." *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992). On that basis, the motion is granted as to any evidence not also related to back pay. If Plaintiff obtains a verdict, and if the front pay is not precluded based on after-acquired evidence, the Court will conduct a hearing to address these damages.

E. Evidence of Other Litigation Involving the City

Vann offered no objection to this request, so the motion is granted.

**SO ORDERED AND ADJUDGED** this the 17th day of December, 2024.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE