UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS SOLOMAN VANN, JR.                                                    PLAINTIFF

V.                                                   CIVIL ACTION NO. 3:21-CV-305-DPJ-ASH

CITY OF MERIDIAN, et al.                                                   DEFENDANTS

ORDER

This failure-to-promote case is set for trial January 27, 2025. This Order addresses a few lingering issues related to Defendant City of Meridian's motion in limine [63].

I.      Background

The Court has explained this case in two orders that it now incorporates. *See* Order [58]; Order [63]. In short, Plaintiff Thomas Vann is a former law-enforcement officer for the City who claims the City failed to promote him based on race and then retaliated after he complained. Vann says both actions violated Title VII of the Civil Rights Act of 1964. The City also terminated Vann's employment after discovering that he mishandled evidence. Vann claimed that too violated Title VII, but the Court dismissed that count because he litigated the termination in state court where the City's decision was affirmed.

This Order mostly addresses evidentiary issues the City raised about the termination in its initial motion in limine. The Court discussed that motion with the parties during the pretrial conference and identified areas needing further briefing: (1) whether the after-acquired-evidence doctrine precludes evidence of backpay after May 19, 2021 (the day the City discovered Vann mishandled evidence, which led to the termination of his employment); (2) whether Vann is entitled to introduce evidence of his termination; and (3) whether Vann may try a claim under 42

U.S.C. § 1981. The Court then entered an Order [67] addressing other issues in the City's motion in limine. This Order picks up where that one left off.

There is, however, one collateral issue. Both parties filed memoranda in response to the Court's request for additional briefing. But the City docketed its as a "motion." *See* Mot. [70]. That prompted Vann to file a response [71], to which the City offered a motion to strike [72]. Both sides then briefed the motion to strike.

II.     Motion to Strike

The City explains in its reply [74] why it docked its brief as a motion and further notes that it was the Court's intent for both parties file a single brief. But it's also understandable why Vann filed a response under Uniform Local Rule 7(b)(3) when the City docketed another motion. While procedurally quirky, the Court sees no prejudice in allowing the response to stand and denies the motion to strike [72].

III.    Motion in Limine

To the extent the City's pretrial memorandum has been docketed as a motion, it is granted in part and denied in part for these reasons.

    A.      After-Acquired Evidence

On May 19, 2021, the City discovered that Vann had mishandled evidence; he was eventually fired for it. Young Aff. [49-4] ¶ 8. The City therefore argues that any lost wages after the offense was discovered (whether pre-judgment backpay or post-judgment frontpay) are barred by the after-acquired-evidence doctrine.

The Court previously granted the City's motion in limine [63] as to frontpay, noting that frontpay is an equitable remedy that the Court will decide if Vann obtains a judgment in his favor. *See* Order [67] at 6. Having now read the additional briefs, the Court concludes that the

motion in limine should be denied as to backpay because the motion is—in effect—a delinquent dispositive motion.

The City ostensibly seeks an order precluding any evidence on Vann's alleged backpay because it believes Vann's backpay claim is legally deficient. Thus, "the motion does not seek to exclude evidence so much as it seeks a dispositive ruling on damages." *Jackson-Hall v. Moss Point Sch. Dist.*, No. 3:11-CV-42-DPJ-FKB, 2012 WL 1098524, at *6 (S.D. Miss. Apr. 2, 2012). "But 'a motion in limine cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict.'" *Id.* (quoting *Morgan v. Mississippi,* No. 2:07-CV-15-MTP, 2009 WL 3259233, at *1 (S.D. Miss. Oct. 8, 2009)); *see also* 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Fed. Prac. & Proc* § 5037.18 (2d ed. West 2009) (stating "the preexisting caselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruling in civil cases").

When the City moved for summary judgment, it never mentioned the after-acquired-evidence doctrine or any basis for granting summary judgment on the backpay or frontpay claims. *See* Def.'s Mem. [50]; Reply [57]. And the deadline for summary-judgment motions passed before the City filed this motion in limine. *See* CMO [44] at 5 (setting June 4, 2024 deadline for dispositive motions). The motion is therefore denied. *See South v. Austin*, No. 3:15-CV-342-DPJ-FKB, 2016 WL 7209554, at *1 (S.D. Miss. Dec. 12, 2016) (denying motion in limine because it was an untimely dispositive motion).

That said, the City may have a valid point that Vann's termination may limit his recoverable damages—which seems as much a causation issue as one under the after-acquired-evidence doctrine. In any event, denying the City's motion in limine on the backpay issue should not prejudicially impact the evidence. First, as discussed in the next section, the validity of the

3

termination has been adjudicated, so Vann is precluded from relitigating that issue anyway. In other words, there should be no backpay evidence related to the termination. Second, there was at least some period before Vann's infraction when he was not earning what he would have earned had the City promoted him. So his wages, potential wages, and other evidence necessary to calculate lost wages would be relevant for that period. The rest—i.e., other evidence potentially relevant only to backpay after his offense or termination—can be handled with a timely objection.

Once Vann rests, the City is free to raise its dispositive arguments in a motion for directed verdict. If that fails, then the City may present its case in chief, which might include any evidence it needs should this issue reach the jury.[1]

B.  Evidence About Termination

The City correctly notes that the wrongful-termination claim has been dismissed. It therefore seeks an order excluding all evidence related to the termination of Vann's employment. The Court granted that request "to the limited extent that Plaintiff should not be heard to argue or suggest that his termination was wrongful." Order [67] at 3.

But the Court otherwise deferred because the after-acquired-evidence defense usually presents a question of fact that must be decided by the jury. "Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 362–63 (1995). If the City was forced to prove that test, the facts

---

[1] If the Court finds that Vann's offenses do impact recoverable damages, the parties will be asked which date controls—the day the City discovered the violations (as the City states), the termination date, or some other.

related to the termination would be relevant. But this case is different—Vann was actually fired. And the validity of that termination decision has been finally adjudicated.

As addressed in the Court's summary-judgment Order [58], Vann appealed his termination to the City's Civil Service Commission, where the decision was affirmed. Hearing Trans. [49-8] at 78–79. He then appealed that decision in state court and lost again. State Ct. Order [49-12]. According to that court, the commission's finding that the termination was "made in good faith for cause" was "supported by substantial evidence." *Id.* The City now says Vann is estopped from relitigating the validity of his termination and that it proves the infraction would result in termination.

"Collateral estoppel precludes relitigating a specific issue, which was: (1) actually litigated in the former action; (2) determined by the former action; and (3) essential to the judgment in the former action." *Gibson v. Williams, Williams & Montgomery P.A.*, 186 So. 3d 836, 845 (Miss. 2016) (quoting *In re Estate of Stutts v. Stutts*, 529 So. 2d 177, 179 (Miss. 1988)). For the reasons argued in the City's brief, these elements apply to the state-court's ruling affirming Vann's dismissal. *See* Def.'s Mot. [70] at 4–6. Any attempt to now prove that his misconduct would not support termination is precluded, so the termination facts are not relevant to the *McKennon* inquiry.[2]

---

[2] Vann received numerous opportunities to address issue preclusion, including the Court's pretrial-conference instruction to do so. His most direct comment on the doctrine states: "Plaintiff further points out that the administrative hearing was limited only to one hour and that the Defendant City, in [p]resenting its witnesses, never had those witnesses say one word." Pl.'s Resp. [71] at 3. Vann offers neither analysis nor authority for this argument, and the Court has previously addressed why such concerns would not impact preclusion. *See* Order [58] 19–20. That said, the holding in this Order on preclusion does not foreclose Vann's legal arguments on the after-acquired-evidence issue because they do not depend on the validity of the termination. The Court will hear his arguments when appropriate.

5

Otherwise, Vann has offered only vague suggestions that the termination facts should be admissible. First, he says, "Had Vann been promoted on basis of Testing and Quality of his Detective Performance, there would have been no basis for termination." Pl.'s Pretrial Mem. [69] at 2. In other words, had he been promoted, he would not have been in the job for which he mishandled evidence. Vann made a similar causation argument when responding to the City's motion in limine regarding back pay, so the Court instructed him during the pretrial conference to provide legal authority for it. He didn't. Nor does he now explain why that argument makes evidence regarding the termination admissible. Without more, the Court is not persuaded.

His other comment on the facts of the termination are found in the conclusion of his pretrial memorandum: "Evidence handling whether located in vehicles or offices was routine and widespread, causing the superiors constantly to complain." *Id*. at 4. But this argument is an obvious attempt to relitigate the basis of his termination. As noted, he is precluded from doing so.

Even assuming some marginal relevance to the facts surrounding the termination, the City also asserted Rule 403 objections. It has a point. During the pretrial conference, Vann expressed a desire to take a deep dive into the termination decision. But he has never clearly explained why. Again, this is a failure-to-promote/retaliatory-transfer case, and Vann is barred from relitigating the basis of the termination. Exploring those underlying facts would only confuse the jury and potentially prejudice the City. Plus, if Vann elicited evidence about his termination, it would open the door for the City to show that he was terminated for cause. The Court will not allow a collateral minitrial, much less one on an issue that is precluded. Absent a more compelling explanation for allowing this evidence, the risk of confusion, unfair prejudice, and wasted time substantially outweigh the probative value.

That said, there could be facts about the termination that are relevant to the promotion and transfer claims. Vann has not yet identified them or how they would be admissible, but the Court does not rule out that possibility. Therefore, Vann may offer arguments for admitting termination-related evidence at sidebar before the evidence is introduced or discussed.

C.    Section 1981 Claim

During the pretrial conference, the parties disputed Vann's right to try a claim against the City under § 1981. The Court therefore instructed them to brief the issue. The City noted that the parties' stipulation listing the remaining claims did not include § 1981. Vann's two briefs since then have not addressed the claim. *See* Pl.'s Pretrial Mem. [69]; Pl.'s Resp. [71]. The parties should be held to their stipulation; a § 1981 claim should not be added at this late date.

III.   Conclusion

The Court has considered all arguments raised by the parties; those not specifically addressed would not have changed the result. For the reasons explained, Defendant's motion in limine [70] is granted in part and denied in part as described above. Defendant's motion to strike [72] Plaintiff's Response is denied.

**SO ORDERED AND ADJUDGED** this the 22nd day of January, 2025.

>                    s/ *Daniel P. Jordan III*
>                    UNITED STATES DISTRICT JUDGE