# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

THOMAS SOLOMAN VANN, JR., )
)
)
**Plaintiff,** )
)
v. ) CIVIL ACTIN NO.
) 3:21-cv-305-DPJ-ASH
THE CITY OF MERIDIAN, )
MISSISSIPPI, DEBORAH NAYLOR- )
YOUNG, in her individual capacity, )
PATRICK GALE, in his individual )
capacity, and CHRIS READ, in his
individual capacity,

**Defendants.**

## MOTION FOR SANCTIONS

COMES NOW, Defendant the City of Meridian, Mississippi (the "City"), by and through undersigned counsel, and pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. § 1927, and this Court's inherent power to control this litigation, and moves the Court to impose sanctions against the Plaintiff and his attorney, James A. Williams, for knowingly violating an order of this Court regarding the inadmissibility of evidence related to Plaintiff's termination from employment, thereby causing a mistrial. In support of this Motion, the City states as follows:

### I. PROCEDURAL AND FACTUAL BACKGROUND

1. As the Court is well aware, the Parties reached a stipulation, whereby Plaintiff agreed that his "Final Amended Complaint" asserted only the following causes of action: (1) Title VII failure to promote, (2) Title VII retaliatory transfer and termination, (3) First Amendment retaliatory transfer and demotion under 42 U.S.C. §1983, and (4) Due Process violations under 42 U.S.C. §1983. [Dkt. 43].

2. On August 30, 2024, the Court entered an order granting summary judgment in favor of the City as to each of Plaintiff's termination related claims. [Dkt. 58].

3. On November 22, 2024, the City filed a Motion in Limine requesting, among other relief, that the Court preclude all evidence of Plaintiff's termination. [Dkt. 63].

4. The City's Motion in Limine "was discussed at the pretrial conference" held on December 13, 2024. [Dkt. 77, p. 1].

5. On December 17, 2024, the Court entered an order partially granting the City's Motion in Limine. [Dkt. 67]. On the issue of termination evidence, the Court granted the City's motion "to the limited extent that Plaintiff should not be heard to argue or suggest that his termination was wrongful." *Id.* at p. 3. The Court took under advisement whether to preclude all termination evidence because the Court recognized the possibility that *the City* may want to raise the issue of termination in an attempt to limit the Plaintiff's claim for back-pay. *Id.* at p. 4.

6. The Parties were then given time to file supplemental briefs on the issue of back-pay, and the Court ultimately entered an order precluding all evidence regarding termination unless Plaintiff sought and received permission to introduce such evidence at sidebar during trial. [Dkt. 75, pp. 6-7].

7. Before trial began on the morning of January 27, 2025, the Parties and the Court held a brief conference at which Plaintiff's counsel seemed to argue again for the admissibility of termination related evidence. The Court "stated that there would be no discussion of termination unless Plaintiff's counsel raised the issue on the record at sidebar explaining why it was relevant." *Id.* The Parties were well aware that "this was not a tangential or obscure issue." *Id.* In fact, the Court reiterated that the Parties were responsible for understanding and explaining to their respective witnesses that termination evidence was not admissible.

2

60014395 v1

8. Plaintiff took the stand at trial, and during a particularly emotional portion of testimony, Plaintiff's counsel asked him the following question: "So you didn't retire, but you were separated by termination?" *See* Exhibit B, Excerpts from Trial Transcript, p. 64:12-13.

9. Vann quickly responded, "Yes, sir." *Id.* at p. 64:14.

10. Neither Plaintiff nor his counsel expressed any confusion over the Court's order precluding evidence of the termination. In fact, as an explanation for why they violated the Court's order, Plaintiff's counsel stated that "the jury would like to know not necessarily why, but how he now does not work at the city." *Id.* at p. 68:14-15.

11. Upon the City's Motion, the Court granted a mistrial, holding that it could not "unring this bell". *Id.* at p. 72:3.

12. From December 17, 2024 through and including January 27, 2025, the City has incurred $51,078.00 in fees charged from Burr & Forman LLP in the prosecution of this action for a total of 348.55 hours worked during that time. *See* Exhibit A, Declaration of Joshua W. Stover.

## II. ARGUMENT

The City is entitled to sanctions, in the form of repayment of its fees incurred from December 17, 2024, the date the Court entered an order precluding evidence of Plaintiff's termination "to argue or suggest that his termination was wrongful" to January 27, 2025, the date of mistrial. The law provides multiple grounds for awarding sanctions in the face of Plaintiff's intentional flouting of the Court's unambiguous order.

*First*, Rule 16(f) of the Federal Rules of Civil Procedure provides appropriate sanctions for violation of a pretrial order. Fed. R. Civ. P. 16(f). The rule provides as follows:

(f) SANCTIONS.

> (1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii) –(vii), if a party or its attorney:
>
>> (A) fails to appear at a scheduling or other pretrial conference;
>> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>>
>> (C) **fails to obey a scheduling or other pretrial order**.
>
> (2) *Imposing Fees and Costs.* Instead of or in addition to any other sanction, **the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule**, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

*Id.* (bolding added).

***Second***, pursuant to 28 U.S.C.A. § 1927, an attorney "admitted to conduct cases in any court of the United States" who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.A. § 1927.

***Third***, a district court has the inherent authority to impose sanctions "in order to control the litigation before it." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 703 (5th Cir. 1990), aff'd sub nom. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The court may also use that power to sanction conduct if it is "in direct defiance of the sanctioning court," *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir.1993), or constitutes "disobedience to the orders of the Judiciary." *Chambers*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). This inherent power "may be exercised only if essential

4

60014395 v1

to preserve the authority of the court ...." *Natural Gas Pipeline Co. of Am. v. Energy Gathering*, Inc., 86 F.3d 464, 467 (5th Cir. 1996).

Each of these authorities provides an adequate and independent legal basis for the imposition of fees in this matter. There is no dispute that Plaintiff's counsel (by asking a question he knew to be forbidden) and Plaintiff himself (by quickly and unabashedly answering that question in front of the jury) "failed to obey a pretrial order" as contemplated by Rule 16(f). Neither Plaintiff nor his counsel contended otherwise after the statements were made at trial, and Plaintiff counsel's only explanation was that he believed the jury "would like to know." Likewise, this intentional outburst "unreasonably and vexatiously" multiplied the proceedings in this matter. This matter was set to be tried to a verdict at the trial beginning on January 27, 2025. The City spent days upon days preparing for that trial with the understanding that a verdict would put an end to the matter—one way or the other—at the conclusion of trial. Now, trial has been reset for May 12, 2025. The new trial, and the attendant additional trial preparation, is only necessary because of the brazen conduct of Plaintiff and his attorney.

Finally, the Court has inherent authority to award fees to the City because Plaintiff's conduct was "in direct defiance of the sanctioning court." In fact, this is just another in long line of conduct by the Plaintiff to cause excessive and unnecessary work by the Defendants in this action, including but not limited to (1) filing numerous "shotgun" style pleadings, leaving Defendants to parse through pages of confounding allegations without a plain statement of the particular claims stated against them, (2) filing an entirely new lawsuit in the same court, which was essentially identical to the one already pending, and (3) listing multiple witnesses in Plaintiff's initial pre-trial order as "will calls" only to remove those witnesses days before trial, which caused the City to unnecessarily prepare for crossing those witnesses. Now, given what can only be

characterized as an intentional flouting of the Court's order precluding termination evidence, an order awarding fees is "essential to preserve the authority of the court" to exercise control over this case and a Plaintiff that has again and again attempted to turn a relatively simple litigation into a unnecessarily complex nightmare of a case.

The City requests an award of fees from December 17, 2024, the date the Court first entered an order precluding evidence of Plaintiff's termination to January 27, 2025, the date of mistrial. Such fees total $51,078.00. Due to the outburst at trial, the City will be forced to prepare for the new trial. The fact that the City already prepared for trial once will not lessen the costs associated with preparation in any meaningful manner. Memories of witnesses and attorneys alike will fade over the next four months, and it is unreasonable to assume that the City should show up at trial in May without conducting a fresh trial preparation. If the City is forced to bear the burden of its previous preparation, the City will be prejudiced by the fact that: (1) the City must rely solely on past trial preparation for a trial months in the future, or (2) the City must pay its attorneys for two separate rounds of trial preparation. To avoid such prejudice, the Court should award the City fees in the amount of $51,078.00.

### III. **CONCLUSION**

WHEREFORE, the City respectfully requests that this Court grant its Motion and award fees in the amount of $51,078.00 as sanctions against the Plaintiff and his attorney for their knowing and willful violation of the Court's order precluding evidence of Plaintiff's termination.

Respectfully submitted, this the 10th day of February, 2025.

                                                                       */s/ Joshua W. Stover*
                                                                       Kermit L. Kendrick (MSB No. 100502)
                                                                       Joshua W. Stover (MSB No. 105472)
                                                                       Winston K. Lee (MSB No. 106832)

*Attorneys for Defendant*

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-458-5100
kkendrick@burr.com

BURR & FORMAN LLP
The Pinnacle Building
190 East Capitol St., Suite M-100
Jackson, Mississippi 39201
Telephone: 601-355-3434
Facsimile: 601-355-5150
jstover@burr.com
wlee@burr.com

60014395 v1

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been served by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax, or email on this 10th day of February, 2025:

James A. Williams
P.O. Box 5002
Meridian, Mississippi 39302-5002
*Attorney for Plaintiff*

*/s/ Joshua W. Stover*
OF COUNSEL

8
60014395 v1